# SUPREME COURT,

## STATE OF KANSAS.

## JANUARY TERM, 1903.

### PRESENT:

Hon. WILLIAM A. JOHNSTON, Chief Justice.
Hon. WILLIAM R. SMITH,
Hon. EDWIN W. CUNNINGHAM,
Hon. ADRIAN L. GREENE,  } Justices.
Hon. JOHN C. POLLOCK,
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,

---

## J. WILLIAM SEARLE et al. v. ELLA GREGG.

### No. 12,180. (72 Pac. 544.)

#### SYLLABUS BY THE COURT.

1. CHATTEL MORTGAGE—*Exempt Property*. A chattel mortgage of exempt property owned by a husband and wife, executed by the wife alone without the consent of the husband, is invalid.

2. ——— *Void for Duress*. The execution of a mortgage by a wife for a debt of her husband, procured by threats of mischief and injury to her property which prevented the exercise of free will and consent, will be regarded as having been made under duress, and the mortgagee acquires no rights under it.

Error from Cowley district court; J. A. BURNETTE, judge. Opinion filed May 9, 1903. Affirmed.

*Hargis & Hargis*, and *C. L. Swarts*, for plaintiffs in error.

*S. A. Smith*, for defendant in error.

1—67 KAN.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by Ella Gregg to recover from J. William Searle, Joseph Church and H. C. Hargis, for the alleged wrongful conversion of two cows and thirteen hogs. In the trial court she prevailed, and recovered a judgment against Searle and Church of $120.68. They complain of the ruling of the court in refusing to sustain the demurrer to the evidence, and also of instructions that were given to the jury.

It appears that Searle held a claim against the husband of Mrs. Gregg. Shortly before the transaction involved here Mr. Gregg had abandoned his wife and five children, and when he left the country he took most of their accumulations with him. The cows and hogs mentioned were about all that were left with Mrs. Gregg. Hargis, an attorney for Searle, and Church, a constable, went to the home of Mrs. Gregg and insisted that she pay her husband's debt to Searle. There is testimony tending to show that when they were told that she could not pay it they threatened to attach the cows and hogs, take them from the premises, and sell them for what they would bring at forced sale. They told her that the papers were already made out and in the hands of Church, an officer of the law; that the property was subject to attachment, and that they could take it to satisfy Searle's debt wherever it could be found. They would not wait for her to take the advice of friends, but demanded a mortgage on the property at once, insisting that if she refused they would take it away by process of law. She says that under the pressure of the threats made and the fears thereby excited, a mortgage on the stock was executed to Searle. In about

two months afterward the property was taken under the mortgage by Church and Searle's son and applied on Searle's claim.

There was sufficient evidence to connect Searle and Church with the taking and appropriation of the property and enough to sustain a finding that the mortgage was made under the duress of her fears, excited by the threats of the immediate seizure and sacrifice of her property at a forced sale.   The property, or most of it, was exempt from seizure, and the mortgage of such property without the signature or consent of her husband was void.   (Gen. Stat. 1901, § 4255 ; *Alexander v. Logan*, 65 Kan. 505, 70 Pac. 339.)

Apart from this invalidity, the mortgage was obtained under the claim that there was legal authority to take and appropriate it for Searle's debt.   He had no such right, and the suing out of an attachment, together with the threats made by him and in his behalf, strongly tend to show that the execution of the mortgage was compulsory.   The essence of a contract is voluntary consent, and where it is made under compulsion there is no consent, and therefore no validity. If the demand was wrongful, as the jury has found, the execution of a mortgage under a threat of mischief or injury either to her person or her property which prevented the exercise of free will and consent will be regarded as having been under duress, and no rights can be built upon it.

Complaint is made of an instruction upon the subject of duress in which the word "force" was used in connection with the threats which it is alleged induced the signing of the mortgage.   It is contended that there was no testimony justifying the use of this term, and it is true that there was no testimony that physical force was used.   If the word had been used

in the sense contended for, the error would have been to the advantage of the plaintiffs in error, because the court made force and threats necessary to a finding in favor of Mrs. Gregg. It is plain enough that the court referred to the compelling force of fear, and had no reference to physical force, and in no event could the expression as used have prejudiced the plaintiffs in error.

No error being found in the record, the judgment of the district court will be affirmed.

All the Justices concurring.