## No. 24,870.

### C. D. SHAMEL, *Appellant*, v. THE WICHITA MOTORS COMPANY, *Appellee.*

#### SYLLABUS BY THE COURT.

PUBLICATION SERVICE—*Judgment Set Aside—New Trial—No Appeal While Action is pending.* An order of the district court setting aside a judgment rendered by default upon service by publication is not open to review while the action is still pending in the district court.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed May 10, 1924. Dismissed.

*John W. Adams,* and *William J. Wertz,* both of Wichita, for the appellant.

*R. R. Vermillion, Earle W. Evans, Joseph G. Carey, W. F. Lilleston, Arnold C. Todd,* and *Bryan K. Perreault,* all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from an order of the court vacating a judgment obtained by default upon service by publication.

Shamel brought an action to recover $1,882.02 as commission for his services for the defendant in the sale of motor trucks. The return on the summons issued was that the defendant was not found in the county and state. An affidavit for service by publication was made, and also an affidavit for attachment under which an order was issued and three trucks of the defendant were seized. No answer was filed, and on April 8, 1922, the court approved the service by publication and, upon testimony offered, rendered judgment on default in favor of the plaintiff for the amount of his claim. At the same time the attachment was sustained and an order for the sale of the property made. An order of sale was issued and on April 19, 1922,

the attached trucks were sold to the plaintiff. On July 12, 1922, the defendant filed its motion to vacate the judgment alleging that the plaintiff, although frequently corresponding with the defendant, did not advise the defendant or its attorneys of the suit, and that they had no knowledge of the service by publication or of the pendency of the action until shortly before the motion was filed. On August 26, 1922, the motion came on to be heard, and upon the evidence produced, the court found that the defendant was a foreign corporation, that the judgment against it had been obtained by default upon service by publication and that the defendant had no knowledge of the pendency of the suit prior to the date of judgment, and therefore ordered that the judgment should be opened up and set aside and the defendant permitted to plead and set up its defense to the action, and, also, that the sale of the attached property by the sheriff should be set aside and vacated. The order vacating the judgment was made during the same term at which the judgment was rendered.

The defendant challenges the right of the plaintiff to an appeal from the order made. The action in which it was made is still pending in the district court. In an early case it was decided that an order vacating a judgment rendered on default is not open to review on appeal while the action is still pending in the district court. (*McCulloch v. Dodge,* 8 Kan. 476.) This rule has been reiterated in many later cases. In the recent case of *Hill v. Sweet,* 100 Kan. 531, 164 Pac. 1078, it was said:

"This is an appeal from an order setting aside a judgment rendered by default upon service by publication, and permitting defendants to answer in the action. It has been repeatedly held that such an order is not one which can be reviewed while the action is still pending in the district court."

Some of the earlier cases upholding the ruling are there cited. The defendant is therefore not entitled to maintain an appeal.

It may be said that if we were to ignore the objection to the appeal we could not reverse the order made. It was made during the term at which the judgment was rendered. It is not exceptional for courts to change rulings, correct errors, orders, and even set aside judgments during the term at which they are made and entered. For this purpose the term is regarded as only one day, and during the term within which an order is made it is, as has been expressed, "within the breast of the court," and during the term, whether long

or short, it has absolute control of its rulings, orders and judgments. (*Barney v. Ferguson,* supra; *Sylvester v. Riebolt,* 100 Kan. 245, 164 Pac. 176.) If, therefore, the order was reviewable we could not under the evidence hold that the action of the court was an abuse of its power or discretion.

The appeal is dismissed.