No. 26,489.

MABEL E. LODGE, *Appellee*, v. THE ORDER OF UNITED 'COMMERCIAL TRAVELERS OF AMERICA, and BERTHA MAE LODGE, Intervener, *Appellant.*

No. 26,562.

MABEL E. LODGE, *Appellant*, v. THE ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA, and BERTHA MAE LODGE, Intervener, *Appellee.*

SYLLABUS BY THE COURT.

1. INTERPLEADER—*Petition—Amendment.* In an action by the named bene-ficiary of an insurance policy against the insurer, the widow of the insured was permitted to intervene and file an interplea. Plaintiff and defendant filed demurrers thereto, which were sustained. The widow first announced her election to stand on her pleading and appeal, but later at the same term of court applied for and was granted leave to file an amended and supplemental interplea. Plaintiff and defendant filed motions to strike the widow's amended interplea from the files. These motions were denied. *Held,* not error.

2. MUTUAL BENEFIT INSURANCE—*Beneficiaries—Ineffective Designation—Right of Widow to Intervene.* Where the named beneficiary of a fraternal life in-surance policy was disqualified to take on the ground that she was not the wife of the insured, although she was so designated in the insured's appli-cation for insurance which was attached to the policy, and where the fraternal insurance society resisted payment and invoked the provisions of its constitution and by-laws to show plaintiff's disqualification, and where the constitution and by-laws provided that where the designated benefi-ciary was disqualified a certain designated class of persons beginning with the widow would be entitled to the insurance, it is held that the widow was entitled to intervene, and her interplea reciting the pertinent facts and invoking the pertinent by-law defining her rights was good against the de-murrers of the plaintiff and defendant lodged against it.

3. SAME—*Beneficiaries—Who ·May Question.* In an action to recover on a policy of fraternal insurance, where the fraternal society which issued the policy resisted payment by raising a question of the plaintiff's legal capacity to claim as beneficiary, such question was raised for the benefit of all con-cerned, and the claim of an intervener having a right to the insurance under the by-laws of the society where the named beneficiary is disqualified to take is good against a demurrer.

Appeals from Cloud district court; JOHN C. HOGIN, judge. Opinion filed March 6, 1926. Case No. 26,489 reversed; case No. 26,562 affirmed.

Appeal and Error, 4 C. J. p. 747 n. 32. Mutual Benefit Insurance, 29 Cyc. pp. 108 n. 17, 156 n. 81, 157 n. 85, 86. Pleading, 31 Cyc. pp. 515 n. 83, 522 n. 44.

*Park B. Pulsifer* and *Clyde L. Short,* both of Concordia, for appellant Mabel E. Lodge; *Tom Kennett,* of Concordia, and *Olin Hunter,* of Riverside, Cal., for appellant Bertha Mae Lodge.

*M. V. B. Van De Mark,* of Concordia, and *E. W. Dillon,* of Columbus, Ohio, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover on a policy of fraternal insurance.

In 1919 the Order of United Commercial Travelers of America, an incorporated fraternal society of Ohio, issued a policy of life and accident insurance to Chester Melvin Lodge, of Concordia, in which the plaintiff, Mabel E. Lodge, was represented by the insured to bear the relation of wife to himself and was named as beneficiary.

In the policy of insurance was incorporated a synopsis of a governing Ohio statute, with appropriate references to it and to the by-laws of the order. One paragraph read thus:

"NOTE.—By the statutes of Ohio, 'The payment of death benefits shall be confined to the wife, relatives by blood to the fourth degree, father-in-law, mother-in law, son-in-law, daughter-in-law, step-father, step-mother, step-children, children by legal adoption, or to a person dependent upon the member; and no certificate shall be made payable to "myself," "my estate," "my heirs," or "persons named in my will" or any beneficiary other than designated by the statutes above cited.' "

The insured met his death in a hotel fire in Des Moines.

The defendant declined to pay the insurance, and this action was begun by the designated beneficiary, Mabel E. Lodge. Her petition set up all the pertinent facts and set out a copy of the policy, which contained the characteristic conditions and recitals of such instruments, including Lodge's written application for insurance and the interrogatories propounded to and answered and signed by him. Among the allegations of plaintiff's petition she alleged that she was the widow of Chester Melvin Lodge, the insured.

To this petition the defendant filed an answer pleading various defenses, only one of which will require our present attention. In part, the answer read:

"The defendant denies that plaintiff is the legal and lawful widow of Chester Melvin Lodge who died on the 22d day of August, 1920. . . .

"The defendant further admits that on or about the 26th day of March, 1919, it made, executed and delivered to Chester Melvin Lodge its contract of insurance, . . . This defendant further admits that at the time of the death of said Chester Melvin Lodge all dues and assessments were paid. . . .

Lodge v. Order of United Commercial Travelers.

"The defendant admits that on or about the sixth day of November, 1920, it disallowed the alleged claim and denied any and all liability under its certificate of insurance and constitution on the following grounds: . . .

"5. That Mabel E. Lodge, named as beneficiary, is not the legal and lawful wife, and therefore, is not the proper beneficiary."

While the action was pending on the issue thus raised by defendant, an application was made by Bertha Mae Lodge, of New Orleans, for leave to intervene and interplead in the action. This was granted, and in her interplea Bertha Mae Lodge alleged that she was lawfully married to the insured in Chicago, in August, 1911, that she and the insured had never been divorced, and that at his death she was his widow and sole heir. She alleged that plaintiff was never. the lawful wife and was not the widow of Chester Melvin Lodge, notwithstanding her designation as wife in the policy issued to Chester Melvin Lodge; and among other appropriate allegations she set up the following paragraph of defendant's constitution and bylaws:

"If all named beneficiaries be dead at such time, or no beneficiaries be named who can take under the provisions of this section, payments of benefits due shall be made to the widow of the member, if living; if not, then to the child or children of the member living at that time; if none living, then to his mother if living; if not living, then equally among his unmarried sisters living at such time."

Bertha Mae Lodge concluded her interplea with a prayer for judgment in her own behalf.

Plaintiff and defendant filed demurrers to Bertha's interplea. These were sustained. Bertha, after announcing her determination to stand on her interplea and to appeal, obtained leave to withdraw her election and to file an amended and supplemental interplea. This was allowed, and Bertha filed another interplea, which pleaded the facts substantially as she had theretofore done, with the supplemental allegation that Mabel was not dependent on the insured, and furthermore that in certain litigation between Bertha and Mabel the district court of Cloud county, on a material and properly joined issue, it had been adjudged that Bertha was the lawful wife of Chester Melvin Lodge, which judgment was final, unappealed from and *res judicata.*

Plaintiff and defendant filed motions to strike from the files this amended and supplemental interplea. Defendant also filed a demurrer thereto. The motions to strike were overruled, but defendant's demurrer was sustained.

Bertha appeals from the ruling on the demurrer, which constitutes case No. 26,489; and Mabel appeals from the overruling of her motion to strike, which constitutes case No. 26,562.

Touching the latter appeal little needs to be said. The action was still pending and undisposed of at the time leave was given to withdraw the intervener's election to stand on her first interplea and to file an amended and supplementary pleading, and the trial court had complete jurisdiction and plenary discretion to grant or deny the intervener's motion. While the demurrers to Bertha's first interplea were sustained on January 29, 1925, and her motion to withdraw her election and to file an amended and supplemental interplea was filed on March 31, 1925, and that motion was allowed on April 1, 1925, giving her until April 24, 1925, to file her amended and supplemental interplea, and it was so filed April 21, 1925, yet the intervener's election to stand, her application to withdraw her election and to be permitted to file anew, and the grant of such permission, were all incidents which transpired at the same term of court. (R. S. 20-1012.) See *Shamel v. Motors Co.*, 116 Kan. 5, 225 Pac. 1031, and *Burnham v. Burnham*, 120 Kan. 90, 93, 242 Pac. 124, and citations. There was no error in overruling plaintiff's motion to strike, and the trial court's judgment thereon must be affirmed.

Passing then to the matters presented in the intervener's appeal: Assuming the truth of the material facts alleged in Bertha's amended interplea, as we are bound to do in considering its sufficiency as against appellees' demurrers, Bertha Mae Lodge is the widow of Chester Melvin Lodge and Mabel E. Lodge was not his wife and is not his widow. Under the constitution and by-laws of the defendant society, which were in accord with the law of Ohio where the corporation was created, and in accord with the law of Kansas also (R. S. 40-701), Mabel was not and could not be a lawfully qualified and designated beneficiary as wife of Chester Melvin Lodge, and of course the defendant had the right to raise that disqualification against Mabel's claim for the insurance money.

But under other provisions of the constitution and by-laws of the defendant it is provided that where the named beneficiary cannot take, then the insurance benefits shall devolve in a regular order of precedence, beginning with the widow, then the child or children, then others specified, and terminating with "a person dependent upon the member." It thus becomes obvious that the intervener's claim is well founded; and against her claim there is only the legal point, which the defendant works for all it is worth, to wit, that only

Lodge v. Order of United Commercial Travelers.

the defendant has the right to question the qualifications of the designated beneficiary to claim the insurance. Defendant cites a formidable list of authorities to sustain that point; and the court, for present purposes, will concede their potency. But the point is unavailing here for the excellent reason that defendant has most accommodatingly raised the very question in this case which it so confidently asserts the widow herself could not raise. Once raised; the legal question is involved in the action not alone for the benefit of defendant, but for the benefit of all concerned, just as much as if defendant had turned the insurance money into court to be fought over by the rival claimants. Of course, if the defendant had paid the insurance money to Mabel, the designated beneficiary, defendant's cited authorities might well be given controlling significance. Bertha might not be heard to complain. But here the defendant raises the issue itself and cites a pertinent provision of its constitution and by-laws, and invokes the judgment of the court thereon. Defendant cannot consistently ask the court to ignore those other provisions of its constitution and by-laws governing the rights of the intervener, and which disposes of the insurance money when the named beneficiary cannot take. In 29 Cyc. 156 it is said:

"In case the designation of a beneficiary proves for any reason to be invalid or ineffectual, the fund does not as a rule revert to the society; but it goes to such person or persons as are eligible to take the benefits in the manner prescribed by statute or by the laws of the society or the certificate of insurance. This rule applies where the designation is invalid because of the member's minority; or where the person designated as beneficiary was at the time of his designation ineligible as such, or, being then eligible, since became ineligible or disqualified and so not entitled to take the benefit at the time of the member's death; or where the designation is invalid for noncompliance with the rules of the society prescribing the mode of designation."

The suggestion intrudes that Mabel might take as "dependent" if not as widow. Perhaps so, if she had been so designated by the insured; and perhaps so, if no qualified beneficiary were named in the policy and there were neither wife, child nor other kindred to claim by precedence over "dependent" under the rules of this society. We have no such situation to consider.

The intervener's amended and supplemental interplea was good against the demurrers lodged against it, and this cause will be remanded with instructions to that effect and for further proceedings consistent therewith.

The judgment in case No. 26,562 is affirmed and the judgment in case No. 26,489 is reversed.