No. 27,249.

THE WICHITA MOTORS COMPANY, *Appellant*, v. THE UNITED
WAREHOUSE COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Vacating, Altering or Modifying—Power During Term.* Rule
   followed that within the same term of court in which a judgment is ren-
   dered the court has plenary power over that judgment, and may vacate,
   alter or modify it, or set it completely aside, as justice may seem to require.

2. EXECUTION—*Rights of Purchaser Where Judgment Set Aside During Term.*
   An agent sued his employer, a foreign motor truck corporation, and on
   publication service obtained judgment by default. The agent caused exe-
   cution to issue and certain motor trucks of the corporation were sold by
   the sheriff and bid in by the judgment creditor. He placed the trucks in
   storage with a warehouse company and pledged them to that company to
   secure the repayment of a large sum of money. Within the same term of
   court in which the judgment by default was entered against the motor
   truck corporation it appeared, and on its motion the judgment by default
   was set aside and later the case was dismissed with prejudice. *Held,* that
   the warehouse company had no defense against the motor company's de-
   mand for the surrender of the trucks and was liable for their value as of
   the date on which demand was made by the motor company for their return.

Appeal from Sedgwick district court, division No. 1; J. EVERETT ALEXANDER,
judge. Opinion filed April 9, 1927. Reversed.

*R. R. Vermilion, Earle W. Evans, Joseph G. Carey, W. F. Lilleston, Arnold
C. Todd* and *George C. Spradling,* all of Wichita, for the appellant.

*C. A. Matson* and *I. H. Stearns,* both of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action in replevin to recover posses-
sion of three motor trucks or their value.

Briefly the facts were these: Plaintiff, a Texas corporation, had
three large motor trucks in Wichita for sale. One C. D. Shamel
was plaintiff's Wichita salesman. He sued the plaintiff, his em-
ployer, in Sedgwick county, and on publication service obtained
judgment by default. He caused an execution to issue, under which
the trucks were levied upon and sold to Shamel, and he placed them
in storage with the United Warehouse Company and then borrowed
from that company a large sum of money, pledging the trucks as
security.

Judgments, 34 C. J. pp. 207 n. 5, 341 n. 27, 385 n. 6; 15 R. C. L. 688.

Within the same term of court in which the default judgment had been taken against plaintiff by Shamel, plaintiff appeared and moved to set aside the judgment. The motion was granted; the default judgment was set aside; and plaintiff was given time to plead. Shamel appealed to this court from that ruling; but that appeal was dismissed. (*Shamel v. Motors Co.*, 116 Kan. 5, 225 Pac. 1031.) Shortly thereafter, Shamel dismissed his action against plaintiff with prejudice.

Meantime the present action was begun by plaintiff against the United Warehouse Company, bailee and pledgee of the trucks under such rights as Shamel could confer upon it. Defendant pleaded the facts (about which there was no serious dispute) in justification of its right of possession of the trucks.

The trial court gave judgment for defendant on the ground that when plaintiff filed its motion to set aside the Shamel judgment entered against it by default, it did not accompany that motion with an answer showing what defense it had to Shamel's alleged cause of action.

Some of the trial court's findings of fact and its principal conclusion of law read:

"4. . . . C. D. Shamel stored the three trucks with the United Warehouse Company—two being stored on May 15, 1922, and the other on June 19 following. . . .

"10. On or about October 19, 1922, the Wichita Motors Company made demand on the United Warehouse Company for the possession of said trucks, and at the same time offered to pay to the United Warehouse Company the amount of storage and expenses, to which it might reasonably be entitled for having stored and cared for said property, but did not offer to repay the $2,100. . . . At the time of making said demand, the Wichita Motors Company, through its attorneys, informed the United Warehouse Company of the order theretofore made in the case of *Shamel v. The Wichita Motors Company*, opening up the judgment theretofore rendered therein and setting aside the sale made pursuant to said judgment, and of the order dissolving the attachment. At the same time, the attorneys for the Wichita Motors Company were informed as to the facts regarding the loan made by the United Warehouse Company to said C. D. Shamel. . . .

"12. The Wichita Motors Company, when it made demand on the United Warehouse Company for possession of said trucks, did not tender any specific amount of money in payment of storage and expenses, if any, due the Warehouse Company. The United Warehouse Company would not, when said demand was made, have delivered possession of said trucks to the Wichita Motors Company except on payment of the $2,100 loaned to C. D. Shamel.

"13. On October 19, 1922, the retail market price of said three automobile trucks was respectively as follows:

"Wichita automobile truck, model L., No. 10153, $2,500;

"Wichita automobile truck, model M., No. 10202, $2,700;

"Wichita automobile truck, model R.X., No. 10428, $3,600.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"15. . . . defendant herein, had . . . a lien on said trucks for . . . the several items claimed by it as follows: . . . Storage at $24 per month, . . .

"CONCLUSIONS OF LAW.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"2. The plaintiff herein, having failed to allege and prove a defense to the demand of the plaintiff in the case of *C. D. Shamel v. The Wichita Motors Company,* the original judgment in that action was, upon the dismissal of the suit, reinstated with all its consequences, thereby restoring the full effect of the sale under the attachment. Plaintiff is without title to, or right to the possession of the trucks it seeks to replevin by this action."

Plaintiff appeals.

There are several rather obvious objections to this judgment. The judgment dismissing the case of *Shamel v. Motors Company* was not subject to collateral attack in this action. Moreover, there was nothing the matter with the judgment dismissing the case of *Shamel v. Motors Company,* for the reason that the motion to set aside that judgment, and the order to that effect made therein, and the order giving the motors company time to plead, were filed and authorized within the same term at which the judgment by default was originally entered against the motors company. Being within the same term, the trial court had plenary power over that judgment (*Burnham v. Burnham,* 120 Kan. 90, and citations, 242 Pac. 124; *Lodge v. Order of United Commercial Travelers,* 120 Kan. 439, 442, 244 Pac. 4), and the code rule which requires a party against whom judgment has been taken by default to file his answer along with his motion to set aside such judgment (R. S. 60-2530) has no application.

It follows that the judgment of the district court was erroneous and must be set aside. There is, however, no occasion for a new trial. The controlling facts were all properly determined by the findings of the trial court; so our order will be that the judgment of the district court be reversed and the cause remanded with instructions to enter judgment in plaintiff's behalf for the value of the trucks, according to finding No. 13, totaling $8,800, with interest

thereon from October 19, 1922, at 6 per cent per annum, less storage charges at the rate of $24 per month as determined by the trial court (finding No. 15) from the dates the trucks were delivered to defendant by Shamel (finding No. 4) until the date of plaintiff's demand therefor, October 19, 1922, and for costs.

It is so ordered.