No. 29,420.

MARY THOMAS, *Appellee*, v. THE SUPREME LODGE OF THE FRATERNAL BROTHERHOOD, a Fraternal Beneficiary Society Incorporated under the Laws of the State of California, *Appellant*.

(289 Pac. 440.)

Opinion filed July 5, 1930.

*James M. Meek,* of Kansas City, *Richard F. Allen,* of Topeka, and *Michael F. Shannon,* of ·Los Angeles, Cal., for the appellant.

*E. A. Enright,* of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action on a fraternal benefit certificate. The verdict and judgment were for plaintiff, and the defendant has appealed.

Defendant is a fraternal benefit society organized under the laws of the state of California, with its principal office at Los Angeles, and subsequently admitted to do business in this state. For some years it had a local lodge at Kansas City, Kan. On October 4, 1921, Frank Jerse made written application for membership in the society and named as his beneficiary Mary Nickilson; relationship, niece. His application was accepted and the beneficiary certificate was issued to him. On March 10, 1926, Frank Jerse made application in writing on the certificate for a change of beneficiary, which recited that the assured did thereby "cancel and surrender this certificate and request that a new one be issued and made payable to Mary Thomas (as I have no living blood relatives), related to me as nearest friend." This was forwarded to the head office and indorsed by the supreme secretary: "Pursuant to the foregoing request, this certificate No. 162,560 on and after March 10, 1926, shall be payable, in accordance with its terms and conditions, to Mary Thomas, friend of Frank Jerse, the member named therein." Early in May, 1928, defendant canceled the charter of its local lodge at Kansas City and made all members thereof members at large of the society. Frank Jerse died August 15, 1928.

Plaintiff's petition recited the above matters and specifically alleged that defendant was authorized by its charter and the laws of the state of California to incorporate in its constitution and by-laws chapter 31, section 147 thereof, and that at all times since its incorporation and now is issuing benefit certificates permitting beneficiaries therein in the class designated as "next friend." A copy of

the certificate with the indorsements thereon was set out, and it was alleged that the assured paid all his dues and assessments, that proof of death had been made, and that demand for payment had been made and refused. The answer of the defendant admitted the organization and existence of defendant under the laws of California and the issuance of the certificate sued upon, and generally denied the other allegations of the petition. It pleaded a number of the provisions of the certificate and application therefor, and by-laws of the society, and made specific defenses: (1) that the May, 1928, assessment was not paid, by reason of which the assured became suspended, and that he was never reinstated; (2) that assured had made false statements in his application for membership, which statements were warranted as true, in that he had stated Mary Nickilson, the beneficiary to be named, was his niece, when in fact she was not related to him, and in that he stated he had never had any sickness, accident or surgical operation, when in truth about 1914 he had sustained a serious accident which thereafter caused him to limp; and (3) that plaintiff did not belong to a class of persons who could be a beneficiary under the laws of Kansas nor under the by-laws of the society. The reply put these defenses in issue.

As to the payment of the assessment for May, 1928, the evidence discloses that when the charter was taken from the local lodge at Kansas City it had no officers except the treasurer, who performed the duties of secretary. He was advised of the action by the supreme secretary of the society, but was not instructed to inform the members—then about sixty in number—and did not do so. There is evidence that the supreme secretary mailed a general circular letter to the members of the local lodge, advising them of the action and informing them that their payments in the future should be made directly to the head office; but there is controversy as to whether that letter was ever received by the assured. The secretary of the local lodge was instructed by the supreme secretary of the society to inform the members when they called to pay assessments. The May assessment was due May 1, but payable any time that month. There is evidence that on the last day of the month defendant sent a young man with the money to pay his May assessment to the treasurer of the local lodge, who informed the young man that he was not receiving assessments, but gave to him an envelope addressed to the home office, in which the assessment might be sent, and there is evidence that it was sent on the same day.

Under the by-laws, if the payment was made within sixty days after it became due the member was automatically reinstated. While there is some confusion about the payment growing out of this disorganization of the local lodge and the necessity of sending the money to the head office, it seems clear from the evidence that the society received this money at the head office and retained it; hence, that there was no final suspension of the member and the certificate was in force at the time of his death. There is some argument in the brief with reference to the payments for March and April, but the answer did not plead these as having been in default, counsel for defendant during the trial stated in open court that he was not relying on any default by reason of the nonpayment of these assessments, and the evidence discloses that they were paid on May 3 and retained by defendant. The jury was justified in finding that payment of dues and assessments had been made and that the certificate was in force at the time of the death of the assured.

Appellant contends that the beneficiary's certificate was void from the beginning because of false answers made by the assured in the application. This contention cannot be sustained. It is true the evidence disclosed that Mary Nickilson, the beneficiary first named, was not the niece of the assured, nor was she related to him by blood or marriage. But she is claiming nothing under this certificate. The beneficiary was changed to Mary Thomas, who prosecutes this action. More than that, a by-law of the society contemplates that a beneficiary may be named who cannot take under the statutes or by-laws of the society and provides to whom payment shall be made in such a case. Hence by the provision of the society's by-laws it is not relieved from payment because a beneficiary has been named who does not stand in such relation to the assured that he or she can take under the certificate. In this respect this case is much like *Lodge v. Order of United Commercial Travelers*, 120 Kan. 439, 244 Pac. 4, where it was held:

"Where the named beneficiary of a fraternal life insurance policy was disqualified to take on the ground that she was not the wife of the insured, although she was so designated in the insured's application for insurance which was attached to the policy, and where the fraternal insurance society resisted payment and invoked the provisions of its constitution and by-laws to show plaintiff's disqualification, and where the constitution and by-laws provided that where the designated beneficiary was disqualified a certain designated class of persons beginning with the widow would be entitled to the insurance, it is held that the widow was entitled to intervene, and her interplea reciting

the pertinent facts and invoking the pertinent by-law defining her rights was good against the demurrers of the plaintiff and defendant lodged against it." (Syl. ¶ 2.)

With respect to appellant's contention that the assured made a false answer to the question, "Have you ever had any sickness, accident, or surgical operation?" it is sufficient to say that the evidence did not support this defense. The most that can be said is that the evidence is conflicting with respect thereto and the general finding of the jury in favor of the plaintiff is a finding against appellant on that point and is binding on this court.

Appellant contends that plaintiff, being only a friend of the assured, cannot be a beneficiary. Our statute (R. S. 40-701, R. S. Supp. 1930, 40-704) does not authorize the naming of a friend as a beneficiary. The California statute under which the defendant society was organized and transacts business and the by-laws of the society do authorize the naming of a friend as a beneficiary. It is argued when the defendant society was admitted to do business in Kansas, so far as its members in Kansas are concerned, it was limited by the Kansas statute with respect to the class of persons who may be named as a beneficiary. We do not so understand our statute, the pertinent portion of which relating to foreign fraternal benefit societies reads:

"That such society shall be shown to be authorized to do business in the state, province or territory in which it is incorporated or organized, in case the laws of such state, province or territory shall provide for such authorization; and in case the laws of such state, province or territory do not provide for any formal authorization of such society to do business therein, then such society shall be shown to be conducting its business in accordance with the provisions of this article." (R. S. 40-706; R. S. Supp. 1930, 40-703.)

Under this statute, when the defendant society made application to be admitted to do business in this state it was required to show, among other things, that it was organized under the laws of California and that it was authorized to do business in that state under those laws. It would have been compelled to do business in conformity with the laws of this state only in the event there had been no provision in the laws of California authorizing a society such as it to do business in that state. The fact that the laws of California under which it was incorporated, and in accordance with which it was authorized there to do business, authorized the business to be done differently than the society could have done business had it been organized under the laws of this state, might influence the in-

surance commissioner in determining whether he would grant authority for it to do business in this state. But that is a question with which we are not concerned. The statute quoted does not require the defendant society to limit the beneficiaries who may be named in its certificates to those named in our statute.

The statutes of California and the by-laws of the defendant society permit a member to name a friend as beneficiary only when the assured has no relatives living within the class of persons designated by the statutes and by-laws. It was one of defendant's contentions that the assured did have relatives living within the designated class; hence that even under the statutes of California and the by-laws of the society he could not name a friend as beneficiary. On this point the evidence was in conflict. The finding of the jury for plaintiff is an adjudication against appellant on that point. It is supported by competent evidence and is binding on this court.

One other point must be noted. At the trial the statutes of California were not introduced in evidence. On the motion for a new trial that point was urged and the trial court permitted plaintiff to reopen the case and introduce the statutes in evidence. Appellant complains of that. There is no substantial merit in this complaint. In the petition plaintiff had pleaded the laws of California by reference. There was no specific denial with respect to that in the answer. If it were put in issue at all it was by the general denial. No question appears to have been raised at any time during the progress of the trial with respect to those statutes. They did exist as plaintiff had alleged. It was out of an abundance of caution that the court permitted the plaintiff to introduce these statutes at the time of the hearing of the motion for a new trial. It is not a matter that could have influenced the verdict, for the statutes were as alleged by plaintiff, and the trial proceeded in all respects the same as though they had been introduced in evidence.

There is no material error in this case, and the judgment of the court below is affirmed.