No. 30,325.

ALICE V. STOKES, *Appellant*, v. SARAH L. SEISS and W. H. SEISS, *Appellees*.

(8 P. 2d 371.)

Opinion filed March 5, 1932.

*Walter Pleasant*, of Topeka, *Donald Muir* and *H. B. Davis*, both of Anthony, for the appellant.

*Ed. T. Hackney*, of Wellington, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action involves the title and ownership of a quarter section of land in Harper county. An action was brought by Alice V. Stokes, who alleged ownership and possession and asked to have her title quieted against Sarah L. Seiss and W. H. Seiss, who it was alleged claimed an interest in the land. The case resulted in a judgment for the defendants, and plaintiff appeals.

Alice V. Stokes was the widow of Jacob Stokes, who had owned the land for several years prior to 1916. In October of that year he conveyed it to his sister, Sarah L. Seiss, who has since claimed ownership of it. She has leased it to tenants, made improvements and paid taxes thereon since that time. It appears that he made his home with his sister, Mrs. Seiss, much of the time since 1883, had been nursed through a typhoid sickness by her, had been given money frequently as he needed it by her; had boarded at her home a great deal of the time, and she had also made and mended his garments for him, and cared for him much as a mother would. When he executed and delivered the deed to her he owed her at that time

about $50, but no other money was paid by her at that time. Shortly after the transfer of the land he married Ferrel E. Sullivan, after an acquaintance of a few days, but only lived with her a short time, and this was followed by a separation and an agreement to pay his wife $500. He did not have the money and this sum was advanced and paid for him by his sister, Mrs. Seiss. He did not procure a divorce at that time, and later his wife instituted a divorce action and to settle this action he obtained $600 more from his sister to settle the claim. At a later time he got into some difficulty and procured his sister to indorse a note for him for $2,000, and this note she was compelled to pay for him. He was married again in 1921 to the plaintiff, Alice V. Stokes, and she was living with him in the relation of husband and wife when he died. During the years following the transfer of the land to his sister she gave him most of the rentals of the land he had conveyed to her, besides the sums of money mentioned. He returned after each harvest and took an interest in the settlement with the tenants, but never lived on the place, and when parties applied to him for a lease on the land, as for a farm lease or an oil lease, he referred them to his sister, saying that she owned it. When he died Mrs. Stokes claimed ownership in the land and brought this action as if she and her husband had been in possession of it.

In the trial, which was before the court alone, the court intimated in the course of the trial a disposition to hold for the plaintiff, but he did not give his decision at that time. After taking the matter under consideration for some time he gave judgment for the defendant, and this is suggested by the plaintiff as a ground of reversal.

Jacob Stokes could have given the land outright to his sister, but it is evident that there was sufficient consideration for the transfer in money and services. She exercised acts of ownership over it from October 3, 1916, to the time of the trial, and her ownership was expressly recognized by the grantor. It is intimated that he may have conveyed it to cover up property as against claims that he feared might be made upon him. Cases, however, cannot be decided upon suspicion, but must be determined on the facts produced in evidence, and a fraudulent purpose was not shown. This controversy is substantially one of fact. The court which decided the case examined the evidence, has given credit to that presented by the defendants, and determined that Mrs. Seiss had acquired a good title to the land and was in possession thereof. After the case was submitted the court took it under advisement for a time and upon a further study

of the evidence reached the conclusion already stated. An objection that the court had intimated a contrary view is without force. (*Burnham v. Burnham,* 120 Kan. 90, 242 Pac. 124.) The fact that it took the case under advisement for further study of the facts brought out in the evidence was an exhibition of the conscientious and commendable care exercised by the court which it found to be necessary in weighing the evidence and in actually determining the rights of the parties. The action was one to quiet title to the land in which it devolved on the plaintiff to show that she was in actual possession of it. This was not satisfactorily shown. On the contrary, there was much evidence tending to show that Mrs. Seiss had been in possession as well as showing that she had acquired ownership of the land. As already said, the judgment rests on questions of fact developed by the evidence, and having been determined adversely to plaintiff by the court its decision is controlling.

The judgment is affirmed.