No. 31,126.

THE HOXIE STATE BANK OF HOXIE, *Appellant*, v. BERT VAUGHN and THE GENERAL MOTORS ACCEPTANCE CORPORATION, *Appellees;* FRANCES WADE, Intervener, *Appellant.*

(21 P. 2d 356.)

Opinion filed May 6, 1933.

*C. L. Thompson*, of Hoxie, for the appellant.

*Frank Schropp*, of Hoxie, *C. A. Spencer* and *J. H. Jenson*, both of Oakley, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action in replevin for the possession of an automobile.

It appears that at some time heretofore, date not shown, one B. W. Wade, a Sheridan county farmer, was the owner of a Ford sedan automobile. To secure a sum of borrowed money he and his wife, Frances Wade, mortgaged the automobile to the Hoxie State Bank.

Later the automobile came into the possession of Bert Vaughn under circumstances not clearly shown by the record. The bank brought replevin against Vaughn and obtained possession of the car under its precedent chattel mortgage. Still later, Wade, owner and mortgagor of the car, paid his debt to the bank, whereupon it was relinquished to him.

In this action, Vaughn testified that he had become the owner of the car, subject to plaintiff's mortgage, by means of a sales contract, and that Wade had delivered the car to him to satisfy it. In the brief of his counsel the transaction whereby Vaughn obtained this claim to the automobile is explained thus:

"He [Wade] gave a mortgage or sale contract on the car to the appellee, Bert Vaughn. Sometime prior to the institution of this action, B. W. Wade turned the car over to Vaughn in satisfaction of his indebtedness under his contract or mortgage to him."

As the issues were joined when the case was called for trial, the court ruled that the burden of proof was on defendant. Thereupon he asked and obtained leave to withdraw his "second supplemental and amended answer" and filed a general denial in lieu thereof. Plaintiff then presented its evidence. The testimony of the plaintiff's cashier showed without dispute that at the time the replevin action was begun the note and mortgage on the car were held by the bank and that the note was due and unpaid. In cross-examination, however, the cashier testified that after the action was begun Wade had satisfied the note in full, and had taken the car to Missouri.

The instrument under which defendant Vaughn claimed a right to the car or to its possession was brought into the record. It had the tenor of a sales contract, and was so designated. It recites that "the undersigned seller [Vaughn] hereby sells and the undersigned purchaser [Wade] . . . hereby purchase [s] subject to the terms and conditions hereinafter set forth . . . one Ford . . . sedan," etc. This instrument is signed by B. W. Wade as purchaser, and by Bert Vaughn as seller.

On motion of defendant Vaughn, judgment against the bank for the return of the car to him or for its value, $250, was entered in his behalf. From this judgment the bank appeals.

While the cause between the bank and Vaughn was pending, Frances Wade, wife of the owner and mortgagor of the automobile, obtained permission to intervene in the action. She filed a pleading in which she alleged that she and her husband resided on a Sheridan county farm, that the automobile was a necessary implement of their farming business and used by them to make business trips to town and for carrying farm produce; that she and her husband did not purchase the automobile from Vaughn nor from the General Motors Acceptance Corporation which had been impleaded in this action; that she did not sign any contract of conditional sale or mortgage of this automobile; that she had never consented to its encumbrance in favor of Bert Vaughn; and that she claimed the automobile was exempt to herself and her family.

Affidavits of intervener and her husband were offered in evidence in her behalf. The trial court held that her right to the automobile could not be determined in this action, and from this ruling she appeals.

1. Considering first the matters of which the bank complains, it is contended that the trial court erred in permitting defendant Vaughn to withdraw his second amended and supplemental answer and to file a general denial in lieu thereof after the trial had begun. This pleading is not presented for our review, but as the trial court has a wide discretion over pleadings, not only prior to the trial but during its progress and after the parties have rested, and even after judgment in furtherance of justice (R. S. 60-759, Civ. Code, § 140), we cannot say that prejudicial error on this point is made to appear. (*Barney v. Ferguson,* 84 Kan. 587, 114 Pac. 1055; *Sylvester v. Riebolt,* 100 Kan. 245, 164 Pac. 176; *Burnham v. Burnham,* 120 Kan. 90, 93, 242 Pac. 124.)

2. What appears to be a graver matter, however, is the error assigned on the trial court's ruling on defendant's motion for judgment on the evidence. While defendant testified that he was the owner of the car, it was clear that his claim of ownership and right of possession were based on the instrument executed by him and Wade and which was characterized as a conditional sales contract, and which defendant's counsel would have us consider as a chattel mortgage. Technically considered as a conditional sales contract,

the instrument of course was worthless. (55 C. J. 1235.) Vaughn could not sell to Wade, conditionally or otherwise, a chattel he not only did not own but one which Wade actually did own subject to the bank's chattel mortgage. Liberally construed, the instrument may have been intended by Wade and Vaughn to serve as a chattel mortgage; but enough facts and circumstances were in evidence, we think, even without Mrs. Wade's intervening pleading and its supporting affidavits, to show that as a chattel mortgage it was a nullity because it was a necessary implement in the farming operations of Wade and wife, and she had not signed the instrument nor consented to its terms. There was also the evidence inherent in the joint execution of the first mortgage on the automobile by Wade and wife, and the facts elicited as to the manner in which Wade raised the money to satisfy that mortgage—by a sale of his farming chattels. Mayhap this evidence with the other attendant circumstances was not conclusive, but it seems to us it was sufficient to overcome any mere presumption that Vaughn's possession of the automobile had such validity that the bank must respond to him in the sum of $250 for its failure to return it to him after its prior lien on the car was satisfied by the owner of the car.

3. Passing next to the matters involved in the intervener's appeal, it has been held that an automobile used in its owner's trade or business is exempt from seizure and forced sale in satisfaction of debts. (R. S. 60-3504; *Dowd v. Heuson,* 122 Kan. 278, 252 Pac. 260; *Federal Agency Investment Co. v. Baker,* 122 Kan. 460, 252 Pac. 262; *Printz v. Shepard,* 128 Kan. 210, 276 Pac. 811.) And chattel property exempt from process *in invitum* can only be hypothecated by joint consent of husband and wife where that relation exists. (R. S. 58-312; *Alexander v. Logan,* 65 Kan. 505, 70 Pac. 339; *Searle v. Gregg,* 67 Kan. 1, 72 Pac. 544; *Jackman v. Lambertson,* 71 Kan. 138, 80 Pac. 55; *Reeves v. Bascue,* 76 Kan. 333, 91 Pac. 77.) It is also elementary that in actions in replevin any person having an interest in chattels which are the subject of the action may be made a party and have his rights adjudicated. (R. S. 60-417, Civ. Code, § 41; *Ely v. Holloway,* 95 Kan. 8, 147 Pac. 1128; *Moffat v. Fouts,* 99 Kan. 118, 121, 160 Pac. 1137; *Miller v. Thayer,* 96 Kan. 278, 150 Pac. 537.) Here the trial court did permit Mrs. Wade to intervene, and she made a *prima facie* case in support of her claim to the automobile. Having been permitted to intervene, she was every whit as much entitled to justice as either of the original parties; and

if a presentation of her cause tended strongly to indicate that an erroneous conclusion had already been reached in respect to the issue between the bank and Vaughn, the court still had full power to correct it. (*Stokes v. Seiss,* 134 Kan. 784, 8 P. 2d 371.) Counsel for Vaughn make the point that no evidence was offered in support of the motion for a new trial. That might restrict the scope of this review if that motion had been predicated on the exclusion of oral testimony merely offered but not formally brought into the record. It is not good,. however, where the evidence was documentary and was before the trial court. This pertains particularly to the evidence inherent in the instrument designated as a conditional sales contract and interpreted as a chattel mortgage, and also to the affidavits of Wade and wife in support of Mrs. Wade's pleading. In *Leach v. Urschel,* 112 Kan. 629, 636, 212 Pac. 111, it was said:

"Where the rejected evidence is documentary and is preserved the supreme court can examine it and its formal reoffering in support of the motion for a new trial may be ignored (*Bank v. Seaunier,* 104 Kan. 7, 8, 178 Pac. 239; *Bellport v. Harkins,* 107 Kan. 454, 192 Pac. 730); also, where the testimony of a witness has been introduced or partially introduced and is then excluded, it is unnecessary to reproduce it on the hearing of the motion for a new trial, since the trial court knows what the evidence is and the supreme court can gather its substance. (*Treiber v. McCormack,* 90 Kan. 675, 136 Pac. 268.)"

See, also, *City of McPherson v. Stucker,* 122 Kan. 595, 600, 601, 256 Pac. 963, and citations.

It seems clear that the trial court's ruling in respect to the intervener's claim was erroneous. And in furtherance of justice the judgment should be reversed *in toto* and a new trial had on all the issues and between all the parties. (*Beachy v. Jones,* 108 Kan. 236, 245, syl. ¶ 7, 195 Pac. 184.) It is so ordered.