No. 31,275

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MONTGOMERY, *Appellee*, v. NEAL ALLEN and A. L. LAMAR, *Appellants* (R. ARCHER et al., *Defendants*).

(25 P. 2d 374.)

Opinion filed October 7, 1933.

P. *Louis Zickgraf,* of Pittsburg, for the appellants.

*Warren B. Grant,* county attorney, and *Richard L. Becker,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment overruling a motion to confirm a sheriff's sale of a tract of land under the statute authorizing the county to foreclose its liens on lands bid in by the county treasurer for nonpayment of taxes.

The controlling facts were these:

On and prior to October 15, 1931, the tract of land in controversy, which was something less than 20 acres, was the property of the Weir Smelting Company. On that date bankruptcy proceedings were begun against that company, and this tract passed into the control of the trustee. In due time the tract was sold free and clear of all encumbrances to one Cavaness, and the sale was confirmed by the referee in bankruptcy.

During the pendency of the bankruptcy proceedings Montgomery

county·presented to the referee its claim for $2,005.70 for current and delinquent taxes on the tract in controversy. This claim was allowed, and out of the fragmentary assets of the bankrupt estate a 24 per cent dividend was declared on all federal and local tax claims, the amount thus falling to Montgomery county being $481.37. This incident occurred on April 26, 1932.

Thereafter, in May, 1932, by order of the board of county commissioners, plaintiff herein, the county attorney instituted a tax foreclosure suit against the owners or supposed owners of some 400 lots and parcels of land, and by some inadvertence this tract of land which had been disposed of in the bankruptcy proceeding was included in plaintiff's petition.

In routine, judgment was decreed for plaintiff and the properties ordered sold. Accordingly the sheriff sold the former smelting company tract to one Blackford for $12. The appellants Allen and Lamar acquired his interest, and filed a motion to confirm this sale. The county attorney resisted this motion, and in a motion filed by him to set aside the sale and the judgment in foreclosure he set up the facts of the prior disposition of the property in the bankruptcy proceedings, and of the allowance of $481.37 to the county on its tax claim by the federal referee.

The trial court overruled appellants' motion to confirm the sheriff's sale and sustained plaintiff's motion to set it and the judgment aside.

Hence this appeal.

Appellants press on our attention the fact that the taxes on the tract in controversy had been delinquent since 1927, that there had been no redemption, that Cavaness, who purchased the property from the federal trustee, had been served with process in the tax foreclosure suit and had made default, and that no money had been paid to the county treasurer pursuant to the trustee's order apportioning $481.37 of the bankrupt's assets towards the payment of the county's tax claim. In this connection they cite R. S. 79-1804 and R. S. 79-2604, the substance of which provides that the county's lien for delinquent taxes is not subject to impairment, and that nothing but payment shall discharge the lien.

Whether the county was obligated to present its claim for taxes to the bankruptcy court need not be decided. It certainly was privileged to do so, and in consequence it was allowed $481.37 on

its tax claim by that tribunal, in contradistinction to the pittance of $12 for which the property was sold by the sheriff, which sale appellants insist must be confirmed.

The record makes it clear that the county's claim for taxes had been merged into the award made by the referee in bankruptcy before the tax foreclosure sale was begun. Consequently it is also clear that the inclusion of this tract in the tax foreclosure suit was by inadvertence or mistake. It is fundamental that a district court has full control over its judgments throughout the term at which they are rendered (*Shamel v. Motors Co.*, 116 Kan. 5, 225 Pac. 1031; *Burnham v. Burnham*, 120 Kan. 90, 93, 242 Pac. 124), and on the propriety of confirming a sale of property in foreclosure—any foreclosure—the district court is not a mere automaton; it is vested with discretion touching the justice and equity of sales in foreclosure. (35 C. J. 46-47.) If the bankruptcy proceedings were left entirely out of consideration, confirmation of the sale of this manifestly valuable property for the trifling sum of $12 quite justifiably might have been refused. (*Insurance Co. v. Stegink,* 106 Kan. 730, 189 Pac. 965.)

The record contains no error and the judgment is affirmed.