THE FIRST NATIONAL BANK OF NEWTON, KANSAS, *et al.*, v. THE WM. B. GRIMES DRY GOODS COMPANY.

1. JUDGMENT, *Vacation of — Practice.* A judgment irregularly obtained within the meaning of the third subdivision of § 568 of the civil code, or a void judgment within the meaning of the last clause of § 575 of the civil code, may be corrected or vacated upon a motion of a party affected thereby, upon reasonable notice given to the adverse party or to his attorney of record in the action; (Civil Code, §§ 535, 569); and it is not necessary that the motion should be filed at the same term at which the irregular or void judgment is rendered, but it may be filed at any time afterward within three years after such judgment was rendered, and even at a later period of time, if the judgment should be considered as absolutely void.

2. ———— *No Summons — No Appearance — Void Judgment.* A judgment rendered against a person without any service of summons upon him and without any appearance by him, and only upon an appearance made by an unauthorized attorney, which appearance has never been ratified or confirmed, is absolutely void as to the person for whom the appearance was made.

3. VOID JUDGMENT, *Not Validated.* An appearance in an action by a person upon a motion to have a judgment, which is void as to him but valid as to others, so corrected that it will not affect or seemingly affect any of his rights or interests, will not render the void judgment valid as to him.

### *Error from Harvey District Court.*

THE opinion states the nature of the action and the material facts.

*Brown & Kline,* for plaintiffs in error.

*Jas. A. Reed,* and *Wm. G. Clark,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The present proceeding in error was instituted in this court by the First National Bank of Newton, and others, against the Wm. B. Grimes Dry Goods Company, a corporation, to reverse an order of the district court of Harvey county, made upon a motion filed in such court by the Wm. B. Grimes Dry Goods Co., under the third subdi-

vision of § 568 and the last clause of § 575 of the civil code, for the purpose of having a judgment, formerly rendered by such court, vacated or modified so far as the same might seem to affect or interfere with any of the rights or interests of the Wm. B. Grimes Dry Goods Company.   In the original action in which such judgment was rendered, Tootle, Hosea & Co. were the plaintiffs, and the First National Bank of Newton, and a great many others, were the defendants.   The petition of the plaintiffs in that action named the Wm. B. Grimes Dry Goods Co. as a defendant, but no service of summons was ever made upon the company, nor did it in fact at any time appear in the action, except at a time long after the time when such judgment was rendered, to file and prosecute the aforesaid motion.   Some of the attorneys of the other parties, however, who were friendly to the Wm. B. Grimes Dry Goods Co., upon their own volition and without any authority from the dry goods company, made an appearance for the company and filed an answer for it, and also on the trial attempted to introduce evidence to prove its case; but counsel representing the First National Bank of Newton and others objected to the introduction of any such evidence, for the reason, among others, that another suit was pending in the same court in which such matters should be litigated; and the court for that reason sustained the objection, and the aforesaid attorneys appearing for the Wm. B. Grimes Dry Goods Co. were not permitted to litigate or protect its alleged rights or interests at that time nor in that action.   Afterward the court rendered a judgment in the action, but it did not at that time have, and never had, any intention to render any judgment that would in any manner or degree affect any of the rights or interests of the Wm. B. Grimes Dry Goods Co., but always intended otherwise; but after the decision of the court, counsel for the First National Bank of Newton and others drew up the form of the judgment which they desired to have entered, and the court, believing that it did not in any manner affect or interfere with any of the rights or interests of the Wm. B. Grimes Dry Goods Co., permitted it to be entered.

This form of judgment, however, if permitted to remain, would, it is now believed, contrary to the intention of the court, seriously and materially affect the rights and interests of the Wm. B. Grimes Dry Goods Company, but the judgment as entered is not only irregular for the reason that it did not and does not express the real intention of the court, but it is also absolutely void as against the Wm. B. Grimes Dry Goods Co., for the reason that such company was never a real party to the action. The attorneys who appeared for the Wm. B. Grimes Dry Goods Co. in that action had no authority from the company to make any such appearance, or to file any answer, or to do anything else for the company in that action; and the company never ratified or confirmed any of the acts of such attorneys. The judgment was rendered on February 6, 1889.

On February 17, 1890, the Wm. B. Grimes Dry Goods Co. instituted proceedings in the said district court to vacate or modify the judgment so that it would not in any manner affect, or seem to affect, any of the rights or interests of the company. Such proceedings were instituted upon the aforesaid motion filed by the company in the district court, with proper notice thereof given to the adverse parties or to their attorneys. The motion was founded upon the third subdivision of § 568 of the civil code, which provides, among other things, for vacating or modifying judgments or orders "for mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order;" and also upon the last clause of § 575 of the civil code, which reads as follows: "A void judgment may be vacated at any time, on motion of a party, or any person affected thereby." And the motion was also filed and notice given upon the authority of § 569 of the civil code, which reads, so far as it is necessary to quote it, as follows:

"The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action."

See also generally, as to the notice required to be given of the hearing of motions, § 535 of the civil code. At the hearing of the motion a great many objections were urged by counsel for the First National Bank of Newton and others, but it will be necessary to mention only a very few of them.

The court below in effect found that sufficient notice had been given to every "adverse party or his attorney in the action;" that is, to every party or his attorney who *really* had had any interest in the case *adverse* to the Wm. B. Grimes Dry Goods Company; and in our opinion the finding of the court below was correct. It is not necessary that a proceeding to vacate or modify a judgment in a case like the present should be by petition; but it may be upon motion; and it is not necessary that the motion should be filed at the same term at which the judgment was rendered, but it may be filed afterward and at any time within three years after the judgment was rendered, (Civil Code, § 575,) and even at a later period of time, if the judgment should be considered as absolutely void. (*Foreman v. Carter*, 9 Kas. 674; *Hanson v. Wolcott*, 19 id. 207; *Tobie v. Comm'rs of Brown Co.*, 20 id. 14.) And a service of the notice upon the adverse party's attorney is certainly sufficient, for the statute itself so provides. (Civil Code, §§ 535, 569.) And where the attorney has been the attorney of record in the action of the adverse party, it can certainly make no difference that the attorney may not at the time of the service of the notice be the attorney of the adverse party unless the party making the motion knew that fact. And possibly even knowledge of that fact would not make any difference unless the adverse party should have designated some other attorney or person equally accessible upon whom the service could be made. All that the statute requires is, that the attorney shall be the adverse party's "attorney of record," (Civil Code, § 535), or "his attorney in the action," (Civil Code, § 569.) We would also think that service upon the adverse party or his attorney "of record" or "in the action" might be made through the United States mails; though it is probably not necessary to

1. Judgment, vacation of—practice.

decide this question in this case.    Under the facts of this case, about the only party interested in preventing the Wm. B. Grimes Dry Goods Company from having the judgment vacated or modified as such company desired, was and is the First National Bank of Newton; and there can be no question but that the bank had ample notice.    And it and all or nearly all the other parties were present at the hearing of the motion. The bank, with some of the other parties, urge another objection which we might perhaps mention.    It is this: The notice states that the motion will be heard before the district court on February 27, 1890, "or as soon thereafter as the same can be heard by said court."    The notice was not served on some of the parties until after February 27, 1890, but it was served long before the hearing of the motion, which was on March 24, 1890, and the First National Bank of Newton was present at the hearing by its attorneys, and so were all or nearly all the other parties.    The judgment, however, as we think, was absolutely void as against the Wm. B. Grimes Dry Goods Company, and therefore it was not necessary that all the adverse parties should have notice or be present, but only those against whom the Wm. B. Grimes Dry Goods Company might desire to have the judgment declared void as entered.    The findings of the court below show that the judgment as entered was absolutely void as against the Wm. B. Grimes Dry Goods Company.    The court below made the following finding, among others, to wit:

2. No summons —no appearance—void judgment.

"That no summons in this action was ever served on the defendant Wm. B. Grimes Dry Goods Company; that the act of the attorneys, Bowman & Bucher, and of E. C. Ellis, and of J. D. Henry, in appearing on behalf of the defendant Wm. B. Grimes Dry Goods Company, and filing the various pleadings on its behalf in this action, to have been wholly unauthorized by said defendant, and that said defendant has never ratified or confirmed said acts other than by this motion."

And certainly the defendant did not by this motion ratify or confirm any of the aforesaid acts of the attorneys so as to render the previously void judgment valid. (*Shaw v. Rowland,*

32 Kas. 154; *Green v. Green*, 42 id. 654, 657.) It is true the motion stated all the facts of the case, giving a complete history of the case up to the filing of the motion, but the object of the motion was simply to have the judgment as entered so modified that it would not affect or seemingly affect any of the rights or interests of the Wm. B. Grimes Dry Goods Company. It was virtually and in effect an application to have the judgment as entered declared void as against the Wm. B. Grimes Dry Goods Company, and certainly an application to have a void judgment declared void would not render such judgment valid. The court corrected the judgment, or rather the entry thereof, as desired by the Wm. B. Grimes Dry Goods Company, and so modified it that it does not now affect or seemingly affect any of such company's rights or interests, but with this exception; and as to all the other parties and the other matters, the judgment remains precisely the same as the original entry thereof made it appear to be. With this modification it is now precisely as it was originally intended to be, and as it was in fact *rendered* by the trial court, although it is not the same as it was originally *entered* upon the records of the court.

3. Void judgment, not validated.

The judgment of the court below will be affirmed.

All the Justices concurring.