No. 20,559.

FRANK SYLVESTER, *Appellant*, V. WILLIAM RIEBOLT et al.,
*Appellees*.

SYLLABUS BY THE COURT.

JUDGMENTS—*Courts Control Over During Term.* Rule applied that the district court has absolute control of its judgments during the term at which they were rendered.

Appeal from Sherman district court; CHARLES I. SPARKS, judge. Opinion filed April 7, 1917. Affirmed.

*John Hartzler*, of Goodland, and *S. N. Hawkes*, of Stockton, for the appellant.

*E. F. Murphy*, of Goodland, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The appeal is from an order setting aside a judgment requiring a garnishee to pay money into court and for application of the money to the satisfaction of a judgment in favor of the plaintiff and against the defendant.

Sylvester sued Riebolt for damages for breach of a covenant of warranty contained in a deed. The Farmers National Bank of Goodland was garnished, and answered that it had funds in its hands to the amount of $1270, but was unable to determine whether the money belonged to Riebolt or to the Ramsey County State Bank of St. Paul, Minn. Judgment was rendered against Riebolt by default, and it was adjudged that the garnishment fund be paid into court and then be paid to Sylvester. The latter portion of the judgment was complied with. The Ramsey County State Bank then moved for permission to interplead and have its right to the garnishment fund adjudicated. At the same time it filed an interplea, which prayed among other things that the judgment, so far as it related to the garnishment fund, be set aside. The judgment was set aside to that extent, and was set aside because the court had been misled concerning the character of the garnishee's answer. The defendant Riebolt contends that the Ramsey County State Bank could not intervene after judg-

ment, and that the court could not restore the garnishment fund to its treasury after the fund had been disbursed in accordance with the judgment.

The conclusive answer to this contention is that the judgment relating to the garnishment fund was set aside at the same term of court at which it was rendered. The journal entries show that the judgment and the order vacating it were both entered on adjourned days of the April, 1915, term of court.

It is scarcely necessary to cite authorities sustaining the plenary power of the court over its judgments during the term at which they were rendered. An admirable statement of the rule and the reasons for it, by the late Justice Benson when on the district bench, may be found in the case of *Cornell University v. Parkinson*, 59 Kan. 365, 53 Pac. 138:

"The first rule to be considered is this: The court has absolute control of its decrees and judgments during the term at which they are rendered; they are, as expressed by some writers, within the breast of the judge during the term. This is a wholesome provision of the law, and necessary to the administration of justice. In the hurry of business, and confusion incident to a term of court, it often becomes necessary to correct during the term the mistakes that have been made, and these can be corrected at any time during the term, and the term is only one day, in law, and persons who purchase property upon decrees must understand that rule, and purchase with reference to it." (p. 371.)

A person who takes funds pursuant to a judgment which may be set aside before the term closes is in no better situation than a purchaser of property under such a judgment.

It is said that no motion to set aside the judgment relating to the garnishment fund was ever made by anybody. This was not essential. At the hearing on the application to intervene the court discovered that it had been induced to misinterpret the garnishee's answer, which was the sole basis for the judgment relating to the garnishment fund. The court needed no prompting by motion of a party to set aside its mistaken judgment.

It is not necessary to consider the standing of an applicant to interplead in relation to a satisfied judgment, because the judgment purporting to conclude the interpleader in this instance is no longer in its way.

The judgment of the district court is affirmed.