No. 30,383.

C. E. Isenhart, *Appellant*, v. Harry B. Powers, Sheriff of Wyandotte County, *Appellee.*

No. 30,430.

Board of County Commissioners of Wyandotte County, *Appellee*, v. Fred W. Axtell et al.; C. E. Isenhart, Intervener, *Appellant.*

(9 P. 2d 988.)

Opinion filed April 9, 1932.

*William K. Ward* and *H. F. Gorsuch,* both of Kansas City, for the appellant.

*Frederick R. White,* county attorney, and *Claude L. Jones,* deputy county attorney, for the appellees.

The opinion of the court was delivered by

Hutchison, J.: Two cases here on appeal from the district court of Wyandotte county have been on motion in this court consolidated. One is a delinquent tax foreclosure action brought by the board of county commissioners in which judgment had been rendered, sheriff's sale had and sale confirmed. Later the sale and confirmation as to one particular lot was set aside and the purchaser, as an intervener, appeals. The other case is a mandamus action brought by the same purchaser against the sheriff to require him to issue deed to the pur-

chaser. The trial court denied the writ, from which order the plaintiff appeals.

Judgment was rendered for the county in the foreclosure action on June 20, 1930. Sheriff's sale was had on August 11, 1930, at which the intervener purchased the property described as No. 82, being lot 4, block 4, Orr's second addition to Kansas City, Kan., for $90 and paid that amount to the sheriff. On September 11, 1930, the sale was on motion of the county attorney confirmed and deed ordered. Later a motion was filed by the county attorney to set aside the sale and confirmation of sale of this one lot because of being left on the list and sold by mistake. This motion was heard and sustained on the 8th of November, 1930, which was within the same term as that at which the sale was confirmed, viz., the September, 1930, term beginning on the second Monday of September, which was September 8, 1930, but not at the same term as that at which the judgment was rendered on June 20, 1930.

The purchaser of said lot, as an intervener, filed a motion to set aside and hold for naught the order of court made November 8, 1930, setting aside the sale and confirmation of sale of said lot. This motion was heard on March 21, 1931, and overruled. From this judgment and order the intervener appeals.

On October 17, 1930, this purchaser at the sheriff's sale applied to the district court for a writ of mandamus against the sheriff of Wyandotte county to require him to issue a deed to plaintiff as purchaser, and the same day an alternative writ of mandamus was issued requiring the sheriff to issue such deed to the plaintiff or show cause. The sheriff answered admitting all the allegations of the alternative writ, but alleged that he had been requested by the county attorney of that county not to issue to the purchaser a deed to this particular tract for the reason that he, the county attorney, had made a promise to the owner thereof that he would take said property out of the sale list upon payment of taxes, and that the same would not be sold, but through an error and mistake it was not removed from the list and it was sold, and that the owner was able at the time of the sale to pay the taxes against the property.

On November 8, 1930, a hearing was had on the alternative writ, at which the county attorney and sheriff testified as to the reasons why the deed had not been issued, showing, also, that on November 5, 1930, the full amount of the taxes due on said property had been

fully paid by the owner thereof in the sum of $212.99. The trial court denied the writ. Plaintiff appeals.

The purchaser claims he has rights as an innocent purchaser of which he cannot be deprived after the regularity of the sale has received the approval and confirmation of the court; that although the confirmation was had at the same term that it was later set aside, yet his rights relate back to the date of the judgment authorizing and directing the sheriff's sale at an earlier term; that R. S. 79-2803 limits the right to withdraw from the list of property for sale in a foreclosure action to those properties only on which the taxes were paid "before the day of sale."

In addition to the statute, R. S. 79-2803, appellant cites two cases construing it as applying to cases where the taxes are paid or tendered prior to the date of the sale, viz., *Wyandotte County v. Kerr,* 112 Kan. 463, 211 Pac. 128, and *Montgomery County v. Wilmot,* 114 Kan. 819, 221 Pac. 276. The former was where a defendant lot owner endeavored to open up a judgment where service had been had upon him by publication, and his answer was held insufficient because it did not show a payment or tender of payment of all the taxes prior to the date of the sale. The second case cited was where the taxes due had been paid to the county treasurer before the date of the sale instead of the clerk or sheriff, as provided by law, but the lot was sold just the same, sale confirmed and deed had been issued and on record for six months before application had been made to set aside the judgment. This case as well as the former adheres to the statutory requirement of payment before date of sale. Both these efforts to dispose of the judgments rendered were under a provision of the statute imposing certain conditions for opening up a judgment. The first one failed to meet those conditions, the latter met them.

The case at bar was an appeal to the discretion of the court because of a mistake of a county officer in complying with his promise to withdraw the lot from the sale list. True, the lot owner had no right or authority to demand its withdrawal without paying the taxes in full before the day of sale. But it was within the discretion of the court to respect that promise of the attorney for the plaintiff and in doing so consider the best interests of the county by its being able thereby to collect $212.99 taxes from the owner instead of $90 from the purchaser.

It was not the lot owner that asked that the sale and confirmation

thereof be set aside in this case, as in the two cases above cited. Here it was the plaintiff, the board of county commissioners, that filed the motion and made the request. The proceeding was in its favor and it files the motion to set it aside. The origin of the whole proceeding was with the board (R. S. 79-2801). The plaintiff board, through the county attorney, showed to the court a mistake had been made as to the sale of this lot, and the court in its discretion granted the request by setting aside the sale and confirmation at the same term at which the confirmation was made. R. S. 60-3007, third subdivision, grants such right at or after the term. But the common law places in the breast of the court all its decisions, orders and judgments rendered during the term, with full power to alter, change or set them aside during the term, in the discretion of the court.

"It was one of the earliest doctrines of the common law that the record of a court might be changed or amended at any time during the same term of the court in which a judgment was rendered, and now as then the general power of a court of record over its own judgments, orders and decrees during the existence of the term at which they are first made is undeniable." (15 R. C. L. 677.)

"A court has full control over its orders or judgments during the term at which they are made, and may, upon sufficient cause shown, in the exercise of its sound discretion, amend, correct, revise, supplement, open or vacate such judgments. This was the rule at common law, and it prevails in almost all jurisdictions." (34 C. J. 207.)

"Rule applied that the district court has absolute control of its judgments during the term at which they were rendered." (*Sylvester v. Riebolt,* 100 Kan. 245, syl., 164 Pac. 176.)

"During the term at which a judgment is entered the trial court has complete control of that judgment, and may permit amendments to pleadings in furtherance of justice even after judgment, and may grant a new trial thereon; and if the trial court is not satisfied that the litigants have received substantial justice, it may and should grant a new trial." (*Beachy v. Jones,* 108 Kan. 236, syl. ¶ 4, 195 Pac. 184. See, also, *Adams v. Devalley,* 40 Kan. 486, 20 Pac. 239; and *State, ex rel., v. Sowders,* 42 Kan. 312, 22 Pac. 425.)

We see no abuse of discretion whatever in setting the sale and confirmation aside and thus permitting the lot owner to pay the full amount of the taxes, which she had done before the motion was sustained, even if the payment was not made before the date of the sale.

Appellant insists upon his rights as a purchaser and as an innocent purchaser. Of course, the purchaser as such has certain rights, but

not as an innocent purchaser. In the Wilmot case, *supra,* cited by the appellant, it is stated that such a purchaser is not a purchaser in good faith, but is one to whom the rule of *caveat emptor* applies.

"This raises the question of whether the purchaser at a sheriff's sale in the foreclosure of a tax lien by the county is a purchaser in good faith within the meaning of the statute quoted. Ordinarily a purchaser at a tax sale is not a purchaser in good faith. The rule of *caveat emptor* applies to him." (*Montgomery County v. Wilmot,* 114 Kan. 819, 823, 221 Pac. 128.)

The motion of the appellant as an intervener and his petition for a writ of mandamus simply raise the question of the legality of the action of the trial court in setting aside the sale and confirmation of sale. And since we have concluded there was no abuse of discretion in setting the sale and confirmation aside, it follows that there was no error in the overruling of the intervener's motion to set aside that order, nor in denying appellant's application for writ of mandamus. The judgment in each case is affirmed.