No. 35,911

EDWARD RASING, SR., and LAURA RASING, His Wife, as next of kin of Edward Rasing, Jr., Deceased, *Appellants,* v. J. W. HEALZER, doing business as the Healzer Cartage Company of Hutchinson, and the CASUALTY RECIPROCAL EXCHANGE of Kansas City, Mo., *Appellees.*

(142 P. 2d 832)

Opinion filed November 6, 1943.

*Ralph H. Noah,* of Beloit, argued the cause for the appellants.

*Hal E. Harlan,* of Manhattan, argued the cause, and *A. M. Johnston,* of Manhattan, and *C. L. Crocker,* of Kansas City, Mo., were on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: The parents of a deceased son brought this action to recover damages for his wrongful death. The son, Edward Rasing, Jr., was killed when the automobile in which he was riding collided with the rear end of a truck owned by the defendant, Healzer Cartage Company, of Hutchinson, Kan., which company had

procured from the Casualty Reciprocal Exchange, a corporation, and filed with the State Corporation Commission, as required by its rules and regulations, a liability policy of insurance covering the company's operations as a common carrier of property. The insurance carrier was included as a defendant in the action.

On issues joined by the pleadings the case came on for trial to a jury. A demurrer to the plaintiffs' evidence and a motion for directed verdict were filed by the defendants and overruled by the trial court. The case was then submitted to the jury, which in due time returned a general verdict for plaintiffs along with its answers to eight special questions. The defendants then filed a motion to set aside findings of fact numbered 4, 7 and 8 on the ground they were unsupported by and contrary to the evidence, a motion for new trial based on general grounds provided for by statute, and a motion for judgment *non obstante veredicto* for the reason that the answers to findings of fact numbered 1, 2, 3 and 5 compelled a judgment in their favor. The trial court overruled the motions to set aside the findings and for a new trial, but sustained the motion for judgment *non obstante*. The appeal is by the plaintiffs from the ruling sustaining such motion and the judgment in favor of defendants for costs.

Appellants' specification of errors actually raises but two questions: First, whether the trial court erred in ruling upon appellees' motion for judgment *non obstante veredicto* after overruling the motion for a new trial; second, whether such court erred in sustaining appellees' motion for judgment notwithstanding the general verdict in favor of appellants. No other issues are involved, the appellees having filed no cross-appeal.

In view of the nature of the questions raised by the appeal and since a motion for judgment on the special findings, *non obstante veredicto*, admits for the purpose of such motion, that the findings are supported by evidence (*Sams v. Commercial Standard Ins. Co.,* 157 Kan. 278, 139 P. 2d 859), it is wholly unnecessary to relate in detail the facts of this case as disclosed by the record. Briefly, it can be stated the collision occurred on the morning of December 23, 1940, shortly after the hour of 2:30 o'clock a. m., on U. S. highway No. 40, at a point about one mile east of the city of Manhattan, Kan., and at the moment the driver of the automobile, in which the deceased was riding, attempted to pass or go around the defendant company's truck. At the time both vehicles were or had

been proceeding along such highway in a westerly direction toward Manhattan. There was some dispute in the testimony as to the 1ate of speed at which both the automobile and the truck were traveling or whether the truck was moving at all, also some disputv as to other facts material to a determination of the responsibility of the parties involved for the accident. However, those disputed questions of fact were determined by the jury in its answers to the special questions submitted and for the purpose of this appeal are binding upon the parties and must be accepted by this court as true.

The special interrogatories submitted by the court, and the finding of the jury in response thereto, were as follows:

"1. At what speed was the car in which deceased was riding traveling at and immediately before the collision? A. 50 to 60 miles per hour.

"2. Were the lights on the rear of defendant's Healzer truck burning immediately before and at the time of the collision? A. Yes.

"3. How many red lights were there burning in the rear of defendant's truck at and immediately before the collision? A. Eight.

"4. How far from the rear of defendant's truck could the rear lights thereon be seen under the conditions prevailing at the time of the accident? A. 175 feet.

"5. Was the truck belonging to defendant, Healzer, moving forward in its own lane of traffic at the time of the collision? A. Yes, moving slowly.

"6. If you should find in favor of plaintiffs, then state the acts of negligence of which you find the defendant, Healzer, or his employee, Wes Stephens, guilty? A. Stopping on concrete slab without putting out flares.

"7. What, if anything prevented the driver of the car in which deceased was riding from seeing the lights on defendant's truck in time thereafter to have avoided colliding with it? A. The curve in the road.

"8. What, if anything, prevented the deceased, Rasing, from seeing the lights on defendant's truck in time to have warned the driver of his car of the truck's presence on the highway? A. The curve in the road.

"9. Was the deceased, Edward Rasing, Jr., guilty of contributory negligence? A. No.

"10. If you answer the above question 'yes' set out what he did or failed to do that made him guilty of such contributory negligence? A. ————————.

"11. Was the driver, Ryan, and the deceased, Edward Rasing, Jr., engaged in a joint enterprise? A. No."

We shall first give our attention to appellants' contention the trial court erred in ruling upon appellees' motion for judgment *non obstante veredicto* after overruling the motion for a new trial. The record fails to indicate the date of the filing of any of the post-trial motions, but the journal entry of judgment discloses they were all ruled upon and judgment was rendered by the trial court on De-

cember 15, 1942. Appellants cite no decisions of this court holding that post-trial motions must be considered and acted upon by the trial court in any particular order, and we find none. Neither do we find anything in our code of civil procedure requiring consideration of such motions in the order contended for. It is suggested, since no appeal or cross-appeal was taken by the appellees from the ruling on the motion for new trial, that ruling is *res judicata* and binding upon the parties. We can find no merit in appellants' contention. Long ago this court announced and has repeatedly followed the rule that within the same term at which a judgment is rendered the trial court has absolute power over it, and may modify, alter, change or vacate it, in whole or in part, and no error can be predicated upon the mere fact that at the conclusion of a trial the court first announced its decision would be in favor of defendant but ultimately and within the same term of court gave judgment in favor of plaintiff. Numerous cases applying this general rule to the facts involved therein could be cited. For the few of many, see: *Burnham v. Burnham,* 120 Kan. 90, 242 Pac. 124; *Sylvester v. Riebolt,* 100 Kan. 245, 164 Pac. 176; *State v. Langmade,* 101 Kan. 814; 168 Pac. 847; *Isenhart v. Powers,* 135 Kan. 111, 9 P. 2d 988; *Standard Life Ass'n v. Merrill,* 147 Kan. 121, 75 P. 2d 825; *Eckl v. Brennan,* 150 Kan. 502, 506, 95 P. 2d 553, and *State v. Bowser,* 154 Kan. 427, 118 P. 2d 1055.

We are not called upon and shall not attempt to here pass upon whether it is better practice to rule upon a motion for new trial before ruling upon a motion for judgment *non obstante* or whether the reverse of that procedure is more desirable. Nor are we called upon to determine the reasoning which prompted the trial court to rule on the motions in the instant case as it did. Were we to indulge in speculation we might conclude the learned trial judge of the court below was familiar with the decision in *Torpey v. Kansas City Public Ser. Co.,* 149 Kan. 735, 89 P. 2d 899, wherein we held in reversing the ruling of a trial court in sustaining a motion for judgment notwithstanding the general verdict, which motion had been acted upon prior to the overruling of a motion for new trial, that the action of the court in overruling such motion for new trial was, under those circumstances, nugatory and required a remanding of the cause for further consideration. The trial judge in the instant case may have concluded he was satisfied with the answers to the special questions and the general verdict except for one thing and

that was that the answers to questions 1, 2, 3 and 5 compelled a judgment for the appellees *non obstante*. He may also have concluded, under such circumstances, that in passing upon the motion *non obstante* after overruling the motion for new trial he was making a record whereby this court, if on appellate review it determined he had erred in his ruling on the former motion, could say the verdict had been approved in all other particulars and end this case without the necessity of further delay. If such was his purpose who can be heard to say it was not a laudable one? Irrespective of what speculation may lead us to believe was the reasoning responsible for the procedure followed in the court below, the most that can be said for appellants' contention, giving them the benefit of their interpretation that in overruling the motion for new trial the trial court found appellees had had a fair trial, the verdict was not contrary to the evidence and in effect approved the judgment which the clerk of the court had previously entered upon the general verdict, is that after ruling on such motion the trial court changed its mind and rendered judgment on the special finding in favor of appellees. Conceding, but not admitting, for purposes material to their position that the trial court did change its mind, we hold the rule that district courts have absolute control of their judgments during the term at which they were rendered is applicable to appellants' situation and the procedure followed by the trial court in ruling on the motion *non obstante* was not error.

The next and principal question raised by appellants in their specification of errors is that the trial court erred in sustaining appellees' motion for judgment *non obstante veredicto* on the ground the answers to special findings numbered 1, 2, 3 and 5 compelled a judgment for the defendants.

It must ever be kept in mind in giving consideration to this question, that in actions for damages predicated upon negligence, this court has consistently and repeatedly held a specific finding of negligence is in effect a finding negativing existence of any other form of negligence, is a declaration by the jury that the general verdict is not based on any other form of negligence and all other negligence alleged by the pleadings to exist or mentioned in the evidence is excluded as a basis for such general verdict. (See *Roberts v. Railway Co.*, 98 Kan. 705, 16 Pac. 590; *Brim v. Atchison, T. & S. F. Rly. Co.*, 136 Kan. 159, 12 P. 2d 715; *Cole v. Cook*, 137 Kan. 250, 20 P. 2d 483; *Walls v. Consolidated Gas Utilities Corp.*, 150 Kan. 919, 96 P.

2d 656; *Stevens v. Allis-Chalmers Mfg. Co.*, 151 Kan. 638, 100 P. 2d 723; *Jilka v. National Mutual Cas. Co.*, 152 Kan. 537, 106 P. 2d 665, and *Haley v. Kansas City Public Ser. Co.*, 154 Kan. 477, 119 P. 2d 449.)

In the instant case there was a specific finding by the jury as to the act of negligence committed by the defendant, Healzer, or his employee, Stephens, the driver of the truck. That finding was limited to one act of negligence which the jury found was "stopping on concrete slab without putting out flares."

Appellants strenuously argue there were other acts of negligence alleged in their petition and evidence adduced during the trial which established the truck driver was guilty of acts of negligence other than that specifically found by the jury and since a general verdict was returned in their favor these, as well as the specific finding, furnish a basis for such verdict. We do not have the time or space to relate appellants' position with respect to such contentions in detail and it would serve no useful purpose to do so. The answer to their argument as to each and every contention is that under the rule hereinbefore referred to, which has been followed by this court through a long line of decisions extending over a period of many years, the specific finding of the jury as to what it thought was the negligence of the driver of the truck and appellee Healzer, acquitted them of all other acts of negligence alleged in the pleadings or submitted in evidence for the jury's consideration. The rule a jury, in answering a special question submitted to it as to alleged negligence, finds one ground thereof does not preclude reliance on another ground alleged in the petition and fairly included in the answers to other questions submitted (*Harshaw v. Kansas City Public Ser. Co.*, 154 Kan. 481, 119 P. 2d 459, and *Dick's Transfer Co. v. Miller*, 154 Kan. 574, 119 P. 2d 454) is not applicable here for other findings cannot be held, either expressly or by inference, to relate to any negligence on which a basis for liability on the part of appellees could be predicated. In this lawsuit there being but one finding as to negligence, the appellants, insofar as acts of negligence on the part of the appellees are concerned, must stand or fall upon that finding.

Before taking up the question of whether the finding "stopping on concrete slab without putting out flares" was such a finding of negligence as precluded, when considered along with all the other findings, the rendition of judgment *non obstante veredicto* on findings 1, 2, 3

and 5 as contended for by appellees, we shall consider all of the findings with the view of determining whether they are consistent with each other for under all recognized principles they must be harmonized. Of course, if the special findings on material issues of fact are inconsistent, judgment on the verdict cannot stand nor can the trial court render a judgment *non obstante veredicto* thereon. Under such circumstances, the judgment should be reversed and the cause remanded for a new trial. (*Wright v. Nat'l Mutual Cas. Co.*, 155 Kan. 728, 129 P. 2d 271.) Fortunately, for our purposes in this appeal, all parties now agree the findings are consistent with each other, the appellants contending they are consistent and sustain the general verdict and the appellees standing upon the proposition that although they are consistent in themselves, nevertheless when considered as a unit they furnish no reasonable basis for the general verdict and are so inconsistent with it as to compel the rendition of judgment *non obstante veredicto* on the specific findings set forth in their motion. The only dispute with respect to consistency of the findings arises from the contention of appellants, which is vigorously denied by counsel for appellees, that appellees contended in the court below and the trial court found the findings were inconsistent and judgment *non obstante* was rendered on that theory. In view of this situation we have examined the record and have concluded there is no reasonable basis for appellants' contention. We have also examined the findings for the purpose of ascertaining whether they can be harmonized, and we conclude such findings are consistent with each other. On first glance findings 5 and 6 might appear to be inconsistent. The question on which finding 5 is based demands a specific answer as to whether the truck at the time of the collision was moving forward in its own line of traffic and its answer is "yes." The question on which finding 6 was based requires a specific answer as to the acts of negligence of which the jury found the truck driver and defendant Healzer guilty and its answer is "stopping on concrete slab without putting out flares." Comparing the findings, they can be harmonized by construing finding 5 to mean the truck was moving forward in its own lane of traffic, and finding 6 to mean that such truck, immediately before the accident, had stopped and had not put out flares. This construction is in accord with the undisputed evidence as disclosed by the record and is the only reasonable interpretation, in our opinion, that can be given the findings.

As above indicated, having determined the findings are consistent,

the final and all-important question remaining for our consideration is whether findings 1, 2, 3 and 5 when considered with all the other findings are in conflict with the general verdict. If so, the general verdict cannot stand. (G. S. 1935, 60-2918; *Sayeg v. Kansas Gas & Electric Co.*, 156 Kan. 65, 131 P. 2d 648; *Jilka v. National Mutual Cas. Co.*, 152 Kan. 537, 106 P. 2d 665, and *Commerce Trust Co. v. Pioneer Cattle Loan Co.*, 120 Kan. 712, 715, 244 Pac. 840.) However, it is the duty of the court to harmonize the answers to special questions with the general verdict if that can reasonably be done (*Hollingsworth v. Berry*, 111 Kan. 730, 207 Pac. 841, and cases there cited; *Montague v. Burgerhoff*, 152 Kan. 124, 102 P. 2d 1031) and unless the special findings clearly overthrow the general verdict the latter must be permitted to stand. (*Taggart v. Yellow Cab Co. of Wichita*, 156 Kan. 88, 131 P. 2d 924, and *Sams v. Commercial Standard Ins. Co.*, supra.)

Guided by these rules what must be said as to the special findings and their sufficiency? The principle that in an action to recover damages for negligence there must be some negligence which caused the injury for which damages are sought is too simple and elementary to require citation of authorities. As heretofore stated, it is our view the appellees, under the facts and circumstances herein related, were acquitted by the jury of all negligence save and except that specifically found by it in its finding No. 6. However, that finding as to what it thought was negligence does not make the appellees guilty of negligence unless it can be held that the acts found to have been committed by the driver of the truck actually constituted negligence in law under our statute and decisions. The appellee company's truck equipped with lights, as required by statute, was moving slowly forward along the highway in its own line of traffic at the time of the collision. Such was the finding of the jury, and it cannot be disputed. Is the driver of a truck who is proceeding along the highway, under the circumstances just related, guilty of negligence at the moment of a collision because theretofore he had stopped on the concrete slab without putting out flares? The only statute we have been able to find which requires the operator of a motor truck to put out flares or other signals is G. S. 1941 Supp. 8-5, 108, which reads: ·

"(a) No person shall operate any motor truck upon a highway outside of a business or residence district at any time from a half hour after sunset to a half hour before sunrise unless there shall be carried in such vehicle a sufficient number of flares, not less than three, or electric lanterns or other signals

capable of continuously producing three warning lights each visible from a distance of at least 500 feet for a period of at least eight hours, except that a motor vehicle transporting flammables may carry red reflectors in place of the other signals above mentioned. Every such flare, lantern, signal, or reflector shall be of a type approved by the commissioner, and he shall publish lists of those devices which he has approved as adequate for the purposes of this section. (b) Whenever any motor truck and its lighting equipment are disabled during the period when lighted lamps must be displayed on vehicles and such motor truck cannot immediately be removed from the main traveled portion of a highway outside of a business or residence district, the driver or other person in charge of such vehicle shall cause such flares, lanterns, or other signals to be lighted and placed upon the highway, one at a distance of approximately 100 feet in advance of such vehicle, one at a distance of approximately 100 feet to the rear of the vehicle, and the third upon the roadway side of the vehicle, . . .''

It should be noted the section just quoted requires flares, lanterns or other signals to be put out "whenever any motor truck and its lighting equipment are disabled" during the time when lighted lamps are necessary and when such motor truck cannot immediately be removed from the highway. It should also be noted that a fair interpretation of the section requires the conclusion that the truck must be parked or stopped to necessitate the putting out of flares, etc. It must further be noted such action is necessary only when the lighting equipment is disabled or for some other reason is turned off and not lighted. Here the truck was not parked or stopped but moving slowly forward in its own lane of traffic. Its lighting equipment was not disabled, but lighted. The net result of an examination of all the findings of fact as returned by the jury and an examination of the statute requiring the putting out of flares leads to the inevitable conclusion that under the facts and circumstances existing at the time of the collision and under the statute applicable thereto the finding "stopping on concrete slab without putting out flares" did not as a matter of law convict the driver of the truck of any negligence. So far as the appellants are concerned the question had just as well remained unanswered. Having been acquitted by the finding of all other acts of negligence there was no negligence on which to predicate liability on the part of the appellees and the general verdict was inconsistent with the special findings. The fact the deceased could not see the rear lights of the truck for more than 175 feet, the fact there was a curve in the road which prevented him from seeing the lights in time to have avoided the collision or warn the driver of the automobile in which he was riding so that he could have prevented the collision, the fact the deceased was not guilty

of contributory negligence and the fact he was not engaged in a joint enterprise, all as disclosed by findings 4, 7, 8, 9 and 11, are of no more force than finding 6, as their value to appellants depends of necessity upon some finding of actionable negligence. In view of the conclusions here announced it follows findings 1, 2, 3 and 5 conclusively establishing that at and immediately before the collision the car in which deceased was riding was traveling between 50 and 60 miles per hour, that at and immediately before the accident eight red lights were burning on the truck and that such truck was at the moment moving slowly down the highway in its own lane of traffic compelled a judgment *non obstante veredicto.*

The judgment is affirmed.