No. 38,349

Betty Ann Smith, *Appellant*, v. Ray Leigh Smith, *Appellee.*

(237 P. 2d 213)

Opinion filed November 10, 1951.

*Douglas Hudson,* of Fort Scott, argued the cause, and *L. J. Bond* and *Robert M. Bond,* both of El Dorado, were with him on the briefs for the appellant.

*J. B. McKay,* of El Dorado, argued the cause, and *James B. McKay, Jr.,* of El Dorado, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Price, J.: The primary question in this case concerns the power of the lower court, under the circumstances hereinafter detailed, to make an order changing the custody of a minor child.

The parties, who will be referred to as in the court below, were residents of Butler County. In September, 1949, plaintiff wife filed an action for divorce in that county on the ground of extreme cruelty. She and the defendant were the parents of a two year old child, and her petition sought the temporary and permanent care, custody and control of the child, together with adequate provision for its support, maintenance and education.

The parties entered into an out-of-court stipulation concerning their property rights, and this stipulation included an agreement that plaintiff should have the exclusive care, custody and control of the child, subject to rights of visitation by the defendant at any reasonable time and under reasonable circumstances. It further provided that defendant should pay the sum of $150 per month for the care, support and maintenance of the child.

The divorce action came on for hearing on December 15, 1949. Both parties were present in court in person and by counsel. The defendant did not contest the action. The stipulation of the parties concerning their property rights and the custody of the minor child, including the matter of child support, was submitted to and approved by the court but was not incorporated in the journal entry of the divorce.

Mr. Gale Moss, an attorney of El Dorado, filed the divorce action for plaintiff and represented her in the cause down to and including the trial, and signed the journal entry of the decree of divorce as her counsel.

On February 21, 1950, the defendant filed a motion in the divorce case seeking to change and modify the decree and judgment previously rendered on December 15, 1949, with respect to the order of custody and payments to be made for the care and support of the child. This motion set out the stipulation of the parties with reference to the child and the payments to be made by defendant, and then alleged that shortly after the rendition of the divorce decree on December 15, 1949, plaintiff left the state of Kansas taking the child with her, and on December 31, 1949, in violation of law and the decree of divorce, married another man. It was further alleged that defendant had not seen and had had no opportunity to see the child at any time since December 15, 1949; that the acts and conduct of plaintiff in taking the child from the state of Kansas had utterly defeated the terms and provisions of the stipulation giving defendant the right to see and visit the child

at any reasonable time, and that by reason of plaintiff's conduct in the premises she was thus an unfit and improper person to have its custody.

The prayer of this motion asked that the previous custody order be changed and that defendant be given the exclusive care, custody and control of the child. In the event such request be denied the motion prayed in the alternative for the exclusive care and custody of the child during definite times and periods, but we may disregard such portions of the motion.

On the same day this motion was filed the court made an order setting it for hearing on February 25, 1950, and further ordered:

". . . that defendant give notice of such hearing by serving a copy of this order forthwith on Gale Moss, plaintiff's attorney of record."

On February 24, 1950, Mr. Moss filed in the divorce case his affidavit in which he stated that as a duly licensed practicing attorney in El Dorado he represented the plaintiff in the divorce action in the filing and prosecution thereof to judgment, such judgment being rendered on December 15, 1949; that on February 21, 1950, he had been served with a copy of the motion for change of custody of the minor child; that prior to February 21, 1950, all matters relating to the divorce action had been reduced to judgment and his services for and on behalf of plaintiff had been terminated, and that the relationship of attorney and client no longer existed between him and plaintiff, and did not exist on February 21, 1950.

On February 25, 1950, the motion came on for hearing. The defendant was present in court in person and by counsel. Plaintiff was not present in person. Mr. Moss appeared in person at the request and suggestion of the court. Following a colloquy between the court and counsel for defendant, Mr. Moss made a statement reiterating the substance of his affidavit, stating that the purpose for which he had formerly been employed by plaintiff had been concluded; that he had been paid for his services; that he had not been employed for the purpose of the motion under consideration; that the time for appeal from the divorce decree had expired, and that he was not appearing on behalf of plaintiff. Upon being questioned by counsel for defendant it appears that Mr. Moss's statement to the effect he no longer represented plaintiff was based on the fact "of the conclusion of his employment" rather than on any "formal discharge" of him by plaintiff. The matter was argued pro and con and the court then announced that it would go ahead and hear the

motion, stating that if plaintiff later should come into court and attack any order made she would have the right to do so.

Evidence was introduced on behalf of defendant in support of his motion for an order changing custody of the child and the provision for its support and maintenance.

At the conclusion thereof the court found that plaintiff had violated the terms of the original decree and the laws of the state of Kansas; that on account of her acts and conduct the absolute custody of the child should be given to defendant, and that all payments for its support and maintenance previously ordered to be made by defendant should cease immediately.

The journal entry covering the court's order is quite lengthy and recites the facts relative to Mr. Moss's connection with the case; sets out the substance of his affidavit and oral statements in support thereof, heretofore referred to, and then recites that:

". . . the Court finds it unnecessary to determine whether, under the circumstances, such notice so served on Gale Moss was notice to the plaintiff."

The journal entry then contains a recital and finding by the court to the effect that since all proceedings were had during the November, 1949 term of court the court had absolute control of its judgments during the term at which they were rendered, including full power to alter, change or set them aside, during the term, in its discretion, and that plaintiff, as a matter of law, had notice of the fact that the judgment of December 15, 1949 was subject to being altered, changed or set aside, during the term, by the court, either on its own motion or that of the opposing party, and that the court had jurisdiction to hear and determine the motion for change of custody.

Then follows a finding to the effect that defendant had not seen and had had no opportunity to see the child since December 17, 1949; that since such date defendant had not known the whereabouts of plaintiff or the child; that in violation of law and the terms of the divorce decree plaintiff had married another man on December 31, 1949, in the state of New Jersey, and that by reason of such acts and conduct on the part of the plaintiff custody of the child should be granted to defendant and payments previously ordered by way of child support should cease. The order made was to that effect.

The record is silent as to what may or may not have transpired following the making of this order but the next chapter of this litigation arose on November 4, 1950, at which time plaintiff, by

special appearance, through an attorney of Wichita (now deceased), filed a motion to vacate and set aside the order made on February 25, 1950, for the reason that she had no notice of any kind or character of the motion upon which the order was based, and therefore that the order was void.

This motion was heard on November 25, 1950. The parties appeared only by counsel. The motion was overruled, and that is the order from which this appeal is taken.

While the specifications of error are five in number, yet the all conclusive question in this case is whether, under all the facts and circumstances heretofore related, the lower court had the power and authority to render its order of February 25, 1950, changing the custody of the child. In considering this question we are not concerned with the wisdom and propriety of the original divorce decree pertaining to custody, and neither are we concerned with the wisdom and propriety of the subsequent order changing custody— no appeal was taken from either order and the fitness of the parties is not in issue. We are concerned only with the validity of the subsequent order changing custody.

In support of the lower court's judgment defendant relies upon two main propositions: (1) That service of the notice upon Mr. Moss was notice to plaintiff, and (2) the court had authority, during the same term of court at which the judgment of December 15, 1949, was rendered, to change or modify such judgment with or without notice.

With reference to the first proposition our attention is called to G. S. 1949, 60-723, which provides that notices of motions shall be served on the party or his attorney of record, and to *National Bank v. Dry Goods Co.*, 45 Kan. 510, 26 Pac. 56, and it is argued that for all practical intents and purposes Mr. Moss certainly must be considered to have been plaintiff's "attorney of record" at least until the expiration of the term of the court at which the original divorce judgment was rendered. With reference to the second proposition, defendant relies upon the long-established general rule and authorities in support thereof to the effect that during the term at which a judgment is rendered the court has absolute power and control over it, and under such circumstances may modify, vacate or set the same aside at its pleasure.

On the other hand, plaintiff contends the record clearly discloses the fact that Mr. Moss no longer represented plaintiff—thus the

notice to him was of no force or effect, and that the court proceeded on the erroneous theory it had the power during the same term to change or modify the previous custody order without notice of any kind or character.

It is conceded that the divorce decree, which included the original custody order, was rendered during the November, 1949 term of court in Butler County; that the next regular term commenced on the first Monday in March, 1950 (G. S. 1949, 20-1013), and therefore the questioned order of February 25, 1950, was made during the term.

It is also conceded that under G. S. 1949, 60-1510, the court has a continuing jurisdiction over the custody of minor children involved in a divorce action and may modify or change any order relating to the same whenever circumstances render such change proper, at or after the term at which a previous order was made.

Further, all parties to this appeal recognize the well-established general rule that a court has full control over its orders or judgments during the term at which they are made and may, upon sufficient cause shown, in the exercise of its sound discretion, amend, correct, revise, open or vacate such judgments. (*Burnham v. Burnham,* 120 Kan. 90, 242 Pac. 124; *Isenhart v. Powers,* 135 Kan. 111, 9 P. 2d 988; and *Rasing v. Healzer,* 157 Kan. 516, 142 P. 2d 832.)

In our opinion the court was without power and authority to make the order of February 25, 1950, changing the custody of the child. From the record before us there is no doubt but that the court proceeded on the theory it had the power to make the order during the term, irrespective of notice. As heretofore stated, the journal entry contained a recital that the court found it unnecessary to determine whether, under the circumstances, the notice served on Mr. Moss was notice to the plaintiff, and in addition thereto, in a recital of appearances, stated:

". . . and plaintiff appeared not, either in person or by attorney."

From the foregoing it is clear the court considered the matter of notice or opportunity to defend to be immaterial, during the term.

It must be kept in mind that this motion for change of custody was based upon new evidence, that is, alleged wrongful acts and conduct of plaintiff occurring *subsequent* to the rendition of the divorce decree of December 15, 1949. By this motion the court was not called upon merely to *reconsider* the wisdom and propriety of its original custody order, based only on the facts before it at the time that order was made, but was called upon to *change* its

judgment, based on new evidence, that is, of alleged subsequent conduct on the part of plaintiff to establish her alleged unfitness. Under such circumstances we think it is an overstatement to say that a court, particularly in a child custody case, has the power, even during the term, to change or set aside a judgment without notice to the opposing party and opportunity to defend. The power of a court to modify or set aside its judgments during the term is not without its limitations with respect to proper notice, when, as here, the motion for such modification or vacation is predicated upon new evidence or evidence of facts occurring subsequent to the original judgment. To say that a court has power, during the term, to modify or set aside its judgments, is one thing—but to say that it has power to do so under *all* circumstances, irrespective of notice, is another.

On the question of requirement of notice in change of custody proceedings we are unable to state the general rule with more clarity than was done in the recent case of *Bailey v. Bailey*, 164 Kan. 653, 192 P. 2d 190, where it was said:

"Where in an action for divorce and custody of a minor child the trial court made its order fixing such custody, and at a later date a proceeding is instituted to change such custody, the court may make such an order only where the person having custody or right to custody of the child under the original order has had notice of the proceeding to change custody and an opportunity to defend." (Syl. 1.)

It is true the change of custody proceedings in that case were at a subsequent term, yet the rule there announced is sound and we adhere to it, and particularly where, as here, even though all proceedings were had during the term, the motion was based on entirely new facts and evidence.

A number of other propositions are discussed in the briefs of both parties. All have been noted and considered but in our view of the case a discussion of them is unnecessary.

From what has been said it follows that the lower court had no power or authority to make the order of change of custody and support of February 25, 1950, and erred in its order of November 25, 1950, denying plaintiff's motion to vacate and set aside such former order.

The judgment is therefore reversed.

SMITH, J. (dissenting): I dissent. It is well settled that the court may change any order during the term in which it is made. (See *Isenhart v. Powers*, 135 Kan. 111, 9 P. 2d 988; and *Rasing v. Healzer*,

157 Kan. 516, 142 P. 2d 832.) The rule is too well settled to need any further discussion. This opinion cites *Bailey v. Bailey,* 164 Kan. 653, 192 P. 2d 190, as authority for holding that notice was required in this case. The order in that case was changed at a subsequent term—hence the opinion is not authority for holding that notice was required here. I think the court could have changed this judgment on its own motion. This holding would not work any injustice on the parties. The court in this case stated:

"I will hear it, and I will, of course if she later comes into court and attacks any order made here this morning, she will have a right to do that."

All parties could have had a fair hearing if the plaintiff had come to court and asked to have the change reconsidered. All parties would have been in court. As this case is now decided, the defendant is helpless. His former wife has taken the child beyond the jurisdiction of the court and under this opinion he is without recourse to attain any relief. We have violated a rule as well established as any procedural rule in our books, that is, that the court may change any order during the term in which it was issued with or without notice.