No. 42,813

ALWINA GOERTZ, *Appellant*, v. ARTHUR GOERTZ, *Appellee.*

(372 P. 2d 268)

Opinion filed June 9, 1962.

*William A. Bonwell, Jr.,* of Wichita, argued the cause and *Sidney J. Brick, Fred A. Beaty* and *Martin E. Updegraff,* all of Wichita, were with him on the briefs for the appellant.

*C. Fred Ice,* of Newton, argued the cause and *Alden E. Branine, Arthur N. Turner* and *Theodore B. Ice,* all of Newton, were with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: This appeal concerns a most unfortunate conflict of jurisdiction which has arisen in this case between the district courts of Harvey and Sedgwick counties.

This divorce case is between parties who as husband and wife lived on a farm in Harvey county for some nineteen years.

On January 3, 1961, the appellant-wife filed her petition for divorce and custody of the four children alleging the statutory grounds for divorce of extreme cruelty and gross neglect of duty.

In due time, the appellee-husband filed his answer denying the charges of his wife and alleging as against her the same statutory grounds asserted by the wife and further pleading that the wife had condoned any cruelty or neglect of which the husband might have been guilty. The husband did not ask for a divorce. The pleadings were put at issue by the wife's reply.

The case came on for trial and was tried to the district court on several days during April and May, 1961. The court then rendered judgment denying a divorce to the wife but reserved the question of custody of the children to a later date. The wife filed a motion for new trial and later filed motions for separate maintenance and for custody of the children. All such matters were taken under advisement by the court but the motion for new trial was overruled and a temporary order made in which the wife was given rights of visitation with the children who were ordered to live at the farm home. It was further provided that the wife might on occasion take the children with her in the day time but was ordered to return them to the home each night.

On July 10, 1961, the wife's counsel called the husband's attorney and advised him that he understood the parties had become reconciled and that he was filing a motion to dismiss the case. The husband's attorney said he was glad to know of that fact and that he would approve the order if it were left at the court house.

Early on the morning of July 11, 1961, the husband called his counsel to report that the wife had left the home the night before and had taken the children with her. She had not returned them as she had been ordered to do by the court. The husband was apprehensive that the wife intended to file a suit in some other county and on being advised that the wife had filed a motion to dismiss the suit in Harvey county, suggested that counsel file a new suit for divorce and custody of the children which could be dismissed if the wife returned home that day.

Counsel for the husband proceeded to carry out these instructions. He approved the order of dismissal in accord with the agreement with the wife's attorney but immediately filed a new suit for divorce and for custody of the children. At the time of the filing of the new suit, a summons was issued to the sheriff of Harvey county for the wife. The wife's relatives resided in Harvey county and it was thought she might be located at their home. This summons was not served but an alias summons directed to the sheriff of Sedgwick county was personally served upon the wife in that county on July 27, 1961.

The suspicions of the husband were correct and he was served with summons on July 13, 1961 in a suit brought by the wife in Sedgwick county. The petition in this Sedgwick county action had been filed on July 11, 1961. This petition seems to have been filed

at 10:54 a. m. which, it may be noted, was subsequent to the filing of the second suit by the husband in Harvey county.

On July 29, 1961, a motion was filed to vacate the order of dismissal entered in the first suit in Harvey county which had been dismissed on July 11 under the order reciting that the parties were reconciled. Counsel for the parties came before the court in Harvey county upon this matter on August 16, 1961. The wife was represented by her present counsel—Mr. Lelus Brown, her former counsel, having withdrawn from the case. After careful consideration of the matter, the district judge entered his order which read in part in the journal entry as follows:

"Thereupon, the motion to vacate judgment comes on for hearing and the Court having heard the various statements and arguments of counsel on the preliminary matters, which related to an action having been filed by plaintiff in the Sedgwick County District Court, for divorce from the defendant herein, on July 11, 1961, the same day the Court had made its order dismissing plaintiff's motions in this case, and having examined the files herein, including plaintiff's exhibits attached to her applications for injunction, does on its own motion set aside and vacate its order and judgment herein made on July 11, 1961, pursuant to Section 60-3007, G. S. Kansas, 1949, and states that his previous order concerning child custody is effective."

It will be noted that the judgment denying the wife's divorce was first announced on the first day of the May term in Harvey county. (G. S. 1949, 20-1009a.) It will be seen in the statute that the May term of court continues in Harvey county until October so all of these orders made by the district court were made during the same term.

The principal question raised by the wife on this appeal is the power of the court to vacate the order dismissing the case on July 11, 1961. In arguing the question, the wife would contend that the court was acting entirely under G. S. 1949, 60-3007, *Fourth,* because of the fraud of the wife. She would point out that, if this be true, the party seeking relief must file a petition and serve a summons. But we cannot agree with the appellant.

The court did refer to section 60-3007, and particularly to that part of the section in which it is said that the court "shall have power to vacate or modify its own judgment or orders at or after the term." Thereupon the court made it clear that he was setting aside the order of July 11 upon the court's own motion because that order stated the parties were reconciled when, in fact, on that day it now appears they were not reconciled.

There can be no doubt concerning the power of the district court to control its judgments or orders within the same term in which they were issued. As has been said, the order or judgment is deemed to be within the breast of the court during the term, and the court may set it aside if the court becomes dissatisfied with the holding. The court may act at the suggestion of one of the parties or upon its own motion.

In *State Investment Co. v. Pacific Employers Ins. Co.*, 183 Kan. 229, 326 P. 2d 303, at page 231, it was said:

"Following the overruling of the motion, the district court had absolute control over that order to modify, alter, change or vacate it in whole or in part and error may not be predicated upon the mere fact the district court first announced its decision in favor of the defendant by overruling plaintiff's motion, and within the same term of court vacated and set aside that order and granted plaintiff a new trial (*Sylvester v. Riebolt*, 100 Kan. 245, 164 Pac. 176; *Burnham v. Burnham*, 120 Kan. 90, 242 Pac. 124; *Eckl v. Brennan*, 150 Kan. 502, 95 P. 2d 535; *Rasing v. Healzer*, 157 Kan. 516, 142 P. 2d 832; *Smith v. Smith*, 171 Kan. 619, 237 P. 2d 213). The fact the district court at a subsequent time, but within the same term of court, reconsidered its ruling and reached a conclusion that its order of May 24, 1957, was erroneous or that the plaintiff had not obtained or received substantial justice did not prevent it from entering its order of October 4, 1957, notwithstanding notice was not given to the parties affording them an opportunity to be heard. The rights of the parties were safeguarded by the hearing on May 17, 1957.

"The absolute power which a district court has over its orders, decrees and judgments has been referred to as,

"'. . . a wholesome provision of the law and necessary to the administration of justice. In the hurry of business, and confusion incident to a term of court, it often becomes necessary to correct during the term the mistakes that have been made, and these can be corrected at any time during the term. . . .' (*Cornell University v. Parkinson*, 59 Kan. 365, 371, 53 Pac. 138.)

"In *Federal Land Bank v. Richardson*, 146 Kan. 803, 73 P. 2d 1005, this court said:

"'Independent of the code, it is well recognized in this state that a district court has jurisdiction of its judgments and orders during the term of court at which they are rendered, and in the exercise of its judicial discretion on motion of an interested party, *or on its own motion, the court may set aside or modify the judgment or order* . . .' (l. c. 806.) (Emphasis supplied.)"

Attention is further directed to *King v. King*, 183 Kan. 406, at p. 411, 327 P. 2d 865; and see further Hatcher's Kansas Dig. *Judgments* § 186 and West Kan. Dig. *Judgment* § 341.

Since the order of dismissal has now ceased to be effective, we believe the prior jurisdiction as to the questions of division of property and custody of children remain with the Harvey county district court. It would also appear that the judgment denying the divorce

to the wife would be *res judicata* as to all matters to the date of that judgment.

Although the parties do not argue the question of the jurisdiction obtained by the district court of Harvey county in the filing of the suit for divorce by the husband on July 11, 1961, nevertheless, the abstract of the wife in this case contained the record of the pleadings and issuance of summons in both the Harvey county and the Sedgwick county actions. The husband's petition was filed early in the morning of July 11, 1961, and an immediate summons was issued to the sheriff of Harvey county at 8:38 a. m. We are informed that the wife's petition in Sedgwick county was not filed until 10:54 a. m. on July 11, 1961, and summons was issued later. It is true that valid service of summons was not obtained in the Harvey county suit until after service in the Sedgwick county suit had been had. But it will be remembered that the wife was personally served on July 27, 1961, in the Harvey county action.

It should be observed that under G. S. 1949, 60-301, this court has held that the time of the filing of the petition is controlling where issuance of summons has been made and valid service is obtained within sixty days of filing of the petition. Attention is directed to *Bannister v. Carroll*, 43 Kan. 64, 22 Pac. 1012, and *Jones v. Warnick*, 49 Kan. 63, 30 Pac. 115.

Although no actual valid service was made in the case of *Vann v. Railway Co.*, 110 Kan. 799, 205 Pac. 607, the opinion is instructive. On page 801, after quoting from the case of *Bannister v. Carroll*, supra, Mr. Chief Justice Johnston, the author of the opinion, said:

"The time of filing a petition may be controlling where there is a question as to which of two courts acquires first and paramount jurisdiction in actions brought relating to the same subject matter. The one in which a petition is first filed and a summons issued upon which service is afterwards duly made, will gain paramount jurisdiction as against the other in which the petition is filed at a later time but its summons was first served. However, the earlier filing of the petition and issuance of the summons will be without effect if the summons is not served within the prescribed time. That is illustrated by the case of *C. K. & W. Rld. Co. v. Comm'rs of Chase Co.*, 42 Kan. 223, 21 Pac. 1071, where the petition was filed in and process issued by the supreme court one day earlier than the filing of a petition in and issuance of a summons from the district court of Chase county, but the process from the latter court was first served. On the question of which had gained paramount jurisdiction it was held to be in the supreme court because of the earlier filing of the petition and issuance of the summons, but this precedence can only be given where timely service of the summons is afterwards made. If service is made upon the earlier petition, then by the doctrine of relation the action is deemed to have been commenced when the petition was first filed and summons issued.

If no service is made and there is no appearance by the defendant, these preliminary steps will be nullities and cannot be regarded as the commencement of the action. In the case just cited it was said:

"'Although actual jurisdiction of a defendant cannot be obtained without service of summons or original process upon him, nor until the service is actually made, yet when the service is actually made the case must then be considered as having been commenced at the date of the process served upon the defendant; (citing authorities) and by relation, the date of such process will determine the time from which the right of .the court to take jurisdiction to hear and determine the case, must be computed.' (page 227.)"

Since good service was in fact obtained in the divorce suit first filed by the husband in Harvey county on July 27, 1961, and since that date is much less than sixty days from July 11, 1961, and since the husband's suit for divorce in Harvey county was more than two hours prior to the time of filing of the wife's suit in Sedgwick county, it would appear the district court of Harvey county does now have primary jurisdiction over the question of the divorce as well as the matter of custody of the children.

We have considered all other questions suggested by the parties, but believe that the above rules do not need further elaboration. The orders appealed from are affirmed. It is hereby so ordered.